*J. N. Evans,* for the appellant.

—————◦◦◦—————

HUGHES *v.* THE LAKE ERIE AND PACIFIC R. R. CO.

JURISDICTION—RAILROADS.—The Circuit Court and Courts of Common Pleas have concurrent jurisdiction in actions for the assessment of damages for lands taken by railroad companies, and where proceedings for such purpose have been commenced in one of said Courts, and appraisers appointed thereby, and an award made and returned by them, the other Court can not then deprive it of jurisdiction.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—On the 10th of *November,* 1862, the *Lake Erie and Pacific Railroad Company* filed, in the office of the Clerk of the *Wayne* Common Pleas, an appropriation of a parcel of the land of *Evan Hughes,* for the track of her railroad. Afterwards, the Judge of said Common Pleas appointed appraisers to determine and report the value of the land appropriated. *Hughes* was present by attorney at the appointment of appraisers. Afterwards, on the 12th day of *December,* 1862, the appraisers filed their award in the office of the Clerk of the *Wayne* Common Pleas. At the next term of the *Wayne* Circuit Court, *Hughes,* by his attorneys, claimed to have the award reviewed in that Court upon exceptions previously filed with the Clerk. The Circuit Court refused to take jurisdiction.

There are two statutes for the assessment of damages in cases like the present. Both give concurrent jurisdiction to the Circuit and Common Pleas Courts, and in a proceeding in either, the owner of the land is entitled to a jury trial in such Court before final judgment. *The Lake Erie, &c., Co. v. Heath,* 9 Ind. 558. The statutes are found, one in 1 G. & H. p. 509; the other in 2 G. & H. p. 315. The proceeding in this case was instituted under the former of the two statutes; and having been commenced in the Common Pleas, that is, the appropriation having been filed in that Court, the appraisers appointed by it, and the award having been returned to that Court, the jurisdiction of that Court attached, of which the Circuit Court could not, by attempting to assume jurisdiction, deprive it. The ruling of the Court below was right.

*Per Curiam.*—The judgment is affirmed, with costs.

*Lafe Develin* and *George A. Johnson,* for the appellant.

*N. H. Johnson* and *W. S. Ballenger,* for the appellee.

