STATE EX REL. WEATHERHOLT *v.* PERRY CIRCUIT
COURT ET AL.

[No. 26,311.   Filed May 15, 1933.]

*Edmund L. Craig* and *William L. Mitchell,* for relator.

*James L. Houston,* special prosecuting attorney, for the State.

*Urdix B. Ewing,* for respondents.

FANSLER, J.—This is an original action in this court for a writ of prohibition, temporary and permanent, restraining the respondents from further action in connection with a certain proceeding pending in the Perry Circuit Court for the removal of the relator as township trustee of Tobin Township in said county. The asserted basis for the writ is want of jurisdiction of the subject matter in the Perry Circuit Court, and that relator has no adequate remedy other than the writ prayed for. Upon the filing of the petition a temporary writ issued.

A complaint was filed against the relator in the name of the State of Indiana as plaintiff, which is sufficient on its face to show that the relator is trustee of Tobin Township in Perry County, and that his removal as such trustee is sought under Section 12139 Burns 1926. The relator was cited to appear to the complaint and show cause why the relief prayed should not be granted. He appeared and filed an affidavit for a change of judge, which was granted, and the respondent, Fred A. Heuring, was appointed special judge. The relator then filed a pleading which was designated "Objection of the Defendant to the Legal Sufficiency of the Accusation," in which it is alleged, among other things, "that said accusation does not state or contain facts sufficient to constitute a cause of action." The pleading is the equivalent of a demurrer for want of facts. This pleading was overruled by the court. The

relator then filed an affidavit for a change of venue from the county, which was granted and the cause sent to Dubois County. Thereafter the plaintiff filed a motion to have the case remanded for the reason that the action is a summary statutory proceeding and that there is no statutory provision for a change from the county in such proceeding. The Dubois Circuit Court remanded the action to the Perry Circuit Court, and this action seeks to prevent further proceedings therein.

The relator contends that this is a criminal proceeding. In this he is in error. *Rowe et al.* v. *Bateman et al.* (1899), 153 Ind. 633, 54 N. E. 1065, 55 N. E. 754.

The grounds on which an officer may be removed under this statute do not necessarily involve a crime, but if they do the impeachment proceeding does not bar a criminal action for the crime. The proceeding is a special statutory one, summary in character, unknown to the common law, and not a civil action. "A summary proceeding is a form of trial in which the established course of legal proceedings is disregarded. *Clarke* v. *City of Evansville* (1921), 75 Ind. App. 500, 131 N. E. 82, 84.

There is no method provided for a change of venue from the county in an action of this character, although there is a provision for a change from the judge. Section 443 Burns 1926.

The statute vests jurisdiction of the subject matter in the circuit court. Personal service was had and the relator appeared to the action.

The complaint alleges that the relator refused to employ certain teachers until they had arranged with his wife as employment agent for payment to her of a percentage of their salary as commission for procuring him to employ them as teachers. It is contended that these allegations are not sufficient to con-

stitute a cause of action under the statute in question and that, therefore, the Perry Circuit Court does not have jurisdiction in the subject matter. Sufficient facts are alleged to show an attempt to bring the proceeding within the statute. The court has jurisdiction to try a proceeding under the statute. It follows that jurisdiction to determine the legal sufficiency of the complaint under the statute as against demurrer or similar pleading is in the trial court, and the exercise of that judicial discretion will not be controlled or interfered with by this court except on appeal.

The temporary writ of prohibition heretofore issued is vacated and dissolved, and the prayer of the relator's petition is denied.