STATE EX REL. CEDAR CREEK SCHOOL TOWNSHIP *v.*
CURTIN, ET AL.

[No. 27,335. Filed April 30, 1940. Rehearing denied May 13, 1940.]

*George E. Hershman,* of Crown Point; and *Roberts & Roberts,* of Lowell, for appellants.

*Omer S. Jackson,* Attorney General; *Walter O. Lewis,* Deputy Attorney General; and *Morris W. Gilbert,* of Lowell, for appellees.

TREMAIN, J.—This was an action by the relators to mandate the appellees to meet and to proceed to determine the prevailing wage scale in the immediate locality of the town of Lowell, as provided by chapter 319 of the Acts of 1935, p. 1535, §§ 53-301 to 53-305, Burns' 1933 (Supp.), §§ 10039-1 to 10039-5, Baldwin's Supp. 1935. It is alleged in the complaint that Cedar Creek School Township and West Creek School Township in Lake County were jointly maintaining and operating a school in the town of Lowell in said county; that in January, 1939, pursuant to statute, the township trustees caused to be prepared plans and specifications for the erection of an addition to the district high school in said town; that prior to advertising for bids the relators designated one Tatman to represent them and notified the State Federation of Labor and the Governor to appoint representatives; that the State Federation of Labor designated one McKay to represent industry and the Governor designated one Curtin to represent the state, all as provided by said chapter 319; that thereafter, in March, 1939, the committee so appointed

met in the trustee's office in the town of Lowell for the purpose of fixing and determining the classifications of labor to be employed in the performance of the contract; that the defendants McKay and Curtin filed with. the relators a classification of wages, and the amount to be paid per hour to each class; that at the same time the other member of the committee, Tatman, filed with the trustees a schedule of the classification of labor to be employed and the wage per hour to be paid each of such classes, which latter classification gave a schedule of wages materially lower than the schedule filed by the other two members, and was the prevailing scale of wages being paid in the immediate locality for that class of work.

The complaint alleged that the defendants Curtin and McKay made no investigation to ascertain the scale of wages paid and prevailing in the immediate locality of Lowell in Lake County, Indiana, refused to hear any facts concerning the scale of wages paid in that community, and submitted and filed a scale of wages prevailing in another and different community, which scale was substantially higher than the one prevailing in Lowell and is set out in full in the complaint; that the two members knew or should have known, by proper investigation, that the schedule signed and submitted by them was not the prevailing wage scale then being paid in that locality; that the scale so presented by the two members was made by them arbitrarily and capriciously, without any justification therefor, and was not made in conformity to the statute creating the committee and defining and designating its duties. There was a prayer that the committee be mandated to act in conformity with the statute, "and for all other just and proper relief." Separate demurrers for want of facts, filed by Curtin and Tatman, were sustained. Appellants·

refused to plead over and judgment was rendered against them, from which they appealed.

Section 1, chapter 319, *supra*, provides:

"That any firm, individual, partnership or corporation which is hereafter awarded a contract by this state, or by any political subdivison thereof, or by a municipal corporation, for the construction of any public work, . . . shall be required to pay for each class of work on such project a scale of wages which shall in no case be less than the prevailing scale of wages being paid in the immediate locality for such class of work as hereinafter to be determined. For the purpose of ascertaining what the prevailing wage scales are in such immediate locality, the awarding governmental agency, prior to advertising for such contract, shall set up a committee of three persons; one representing labor, to be named by the president of the state federation of labor; one representing industry, to be named by the awarding agency; and a third member to be named by the governor. As soon as appointed said committee shall meet and shall fix and determine in writing as follows: . . . Provided, That the rate of wages so to be fixed and determined shall not exceed the prevailing wage scales being at the time paid in such locality for such class of work: . . . If such committee fails to act and to file such determination at or before the time hereinbefore provided, the awarding agency shall make such determination, and its finding shall be final."

The facts averred in the complaint clearly disclose that the committee acted, and, having acted, the relators were thus precluded from determining for themselves the wage scales prevailing in the immediate locality. The facts alleged show that the schedule filed by the two members did not represent the true wage scale prevailing in that community; that the schedule filed by the minority member did represent the true wage scale there prevailing.

The appellees assert that mandamus does not lie to compel the committee, an administrative board, to act differently, or, as has been repeatedly stated by this court: The judgment of the court cannot be substituted for that of an administrative body. The rule as announced in 38 C. J., § 71, p. 592, is that, in the absence of some statute expressly changing the rule, mandamus will not lie to control or review the exercise of the discretion of any court, board, tribunal, or officer, unless it clearly appears that there has been an abuse of discretion upon the part of such board or tribunal. "To do so would be to substitute the judgment and discretion of the court issuing the mandamus for that of the court or officer to whom it was committed by law." *State ex rel. Reynolds* v. *Board of Commissioners of Tippecanoe Co.* (1874), 45 Ind. 501; *Board, etc.* v. *State ex rel. Gilley* (1920), 189 Ind. 540, 128 N. E. 596; *State ex rel. Fry* v. *Board of Commissioners of Martin County* (1890), 125 Ind. 247, 25 N. E. 286; *Secrist* v. *State ex rel. Gash* (1930), 202 Ind. 307, 172 N. E. 908.

Notwithstanding the fact that the court may not mandate the appellees to act, it does not follow necessarily that the complaint fails to state facts sufficient to constitute a cause of action. The facts averred, the truth of which is admitted by the demurrers, unmistakably establish the proposition that the appellees, or a majority of them, arbitrarily and capriciously submitted a scale of wages not prevailing in the immediate locality of Lowell. Accepting. the allegations of the complaint as true, it necessarily follows that a wrong has been committed by the appellees and the schedule filed by them cannot be binding upon appellants, but as to them is voidable, and is of

no more force and effect than if it had not been made and filed.

The sufficiency of the averments of the complaint to warrant the court to grant relief is not determined by the name of the pleading or by the prayer. Under the Code the character of the pleading and the right to recovery are determined from the facts alleged, regardless of the form or name given to the pleading. Of course, a pleader should be able to determine his remedy from the facts, but if he makes a mistake and asks for a remedy to which he is not entitled, his pleading is not insufficient for that reason, if the facts stated entitle him to any remedy. *Goecker* v. *McOsker* (1912), 177 Ind. 607, 615, 98 N. E. 724; *Burk* v. *Brown* (1915), 58 Ind. App. 410, 417, 108 N. E. 252. This proposition is recognized throughout the decisions of this and the Appellate Court.

The appellants should not be denied a remedy simply because they have demanded more in the prayer than they are entitled to. When the averments of the complaint are considered together with the general prayer for relief, the complaint is sufficient as against the demurrers to warrant the court, upon proof of the allegations, to enter judgment annulling the wage scale filed by appellees.

For the reasons herein stated the court erred in sustaining the demurrers to the complaint. The judgment is reversed, with instructions to the trial court to overrule the demurrers to the complaint and for further proceedings not inconsistent herewith.

NOTE.—Reported in 26 N. E. (2d) 909.