LONG ET AL. *v.* VAN OSDALE ET AL.

[No. 27,470.   Filed November 25, 1940.   Rehearing denied February 3, 1941.   Motion for reconsideration dismissed May 5, 1941.]

*Samuel D. Jackson,* of Fort Wayne; *B. J. Bloom,* of Columbia City; and *Marshall A. Pipin,* of Chicago, Illinois, for appellants.

*Townsend, Thomas & Novitsky, F. E. Zollars,* and *Barrett, Barrett & McNagny,* all of Fort Wayne, for appellees.

FANSLER, J.—Appellees in their petition to transfer represent that in their judgment the opinion of the Appellate Court does not fairly and fully state the allegations of the complaint so as to make fully apparent the contentions of the appellees below and in the Appellate Court. The complaint, the appellees' petition for rehearing, the appellees' original brief, and brief on petition for rehearing in the Appellate Court are made a part of the petition to transfer. In order that the questions presented and passed upon by the Appellate Court might more clearly appear, the court has caused the entire record to be before it. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399.

The appellants were plaintiffs below. They are 265 in number and are employed by the Pennsylvania Railroad Company as locomotive engineers. 268 of the appellees are employed by the Pennsylvania Railroad Company as locomotive engineers and are members of a labor organization known as the

Brotherhood of Locomotive Engineers. The remaining appellees are the Pennsylvania Railroad Company and certain officers of the Brotherhood of Locomotive Engineers. The controversy involves the respective seniority rights of the two groups of employees.

It is alleged in the complaint that all of the parties who are locomotive engineers are employed on that part of the Pennsylvania Railroad which extends from Clark, Indiana, to Crestline, Ohio, commonly known as the Fort Wayne Division, or within the yard district at and in the cities of Fort Wayne, Indiana, and Lima, Ohio, commonly known as the Fort Wayne and Lima Yard District; that in August, 1928, a certain agreement was made and entered into on behalf of the employees then employed or thereafter to be employed by the Pennsylvania Railroad Company. This agreement was made by the Railroad Company and the officers of the Brotherhood of Locomotive Engineers, of which organization the plaintiffs were not then and are not now members. The agreement was known as the "Schedule," and affected, among other things, the seniority rights of locomotive engineers. Under this agreement seniority rights are based upon length of service, and are effective only in the district in which the engineers are employed and in which they acquire their rights. Each of the territories above described constitutes a separate district. The contract or "Schedule" provides, among other things, that: "When two or more divisions are merged, or separated, the seniority of engineers then in the service shall be confined to the original territory on which they shall have earned it. They shall also have seniority on the combined divisions over engineers promoted or hired after date of merger. Engineers promoted or hired after

date of merger will have seniority on combined divisions." Regulations 7-A-1 and 7-B-1 provide that:

"7-A-1. An engineer who considers that an injustice has been done him, and who has appealed his case in writing to his Superintendent within ten days, will be given a hearing at which he may be accompanied by an engineer from the division on which he is employed to assist him in presenting his case."

"7-B-1. The Engineers' Committee will represent the engineers in all matters pertaining to rates, regulations, working conditions and general grievances."

Regulation 9-A-1 is as follows: "Should either the management or the engineers desire to change any or all of these regulations, the party desiring to make the change shall notify the other party in writing of the desired change; and no change will be made, except by mutual consent, until thirty days after such notice has been given."

It is alleged that, while the agreement above referred to was in force, the Engineers' Committee, acting through its chairman, and without authority of the plaintiffs, entered into an agreement with the Railroad Company consolidating the engineer Seniority Rosters for the Fort Wayne Main Line Road and the Fort Wayne and Lima Yards, by ranking all engineers in the order of their employment; in other words, by dovetailing; that this agreement injuriously affects the seniority rights of the plaintiffs; that the Railroad Company and the General Chairman of the General Committee of Adjustment of the Brotherhood of Locomotive Engineers threaten and intend to put the new schedule agreed upon in effect. The complaint prays that this latter agreement be declared void, and that an injunction be issued to restrain its being put into effect. Demurrers to the

complaint were sustained, and, the plaintiffs having refused to plead further, there was judgment for the defendants.

The ruling on the demurrers is assigned as error.

If the facts alleged entitle the plaintiffs to equitable relief, the judgment should be reversed, otherwise it must be affirmed.

It is the appellants' theory that the agreement between the Railroad Company and the Brotherhood of Locomotive Engineers, known as the "Schedule," is a third party beneficiary contract for the benefit of all engineer employees and confers individual rights as well as collective rights, which may be enforced by each employee. It seems clear, however, that the appellant locomotive engineers, who were not members of the Brotherhood of Locomotive Engineers, acquired no greater rights under the "Schedule" agreement than those locomotive engineers who were members of the Brotherhood of Locomotive Engineers. If rights were acquired by the individual engineers under the contract, they were acquired subject to the conditions imposed and provided for in the contract. This seems to be conceded by the appellants, but they contend that the contract and agreement, having been accepted and acted upon by them as beneficiaries, can be changed or amended by the Railroad Company and the Brotherhood only in the manner and to the extent provided for in the contract, and that the agreement consolidating the districts is not a change or amendment of the original contract, but merely an attempt to waive the rights of the employee beneficiaries under the agreement. There is no substance in this contention. Any change that affects the status of the employees may be said to be a waiver of the conditions of the contract before the

change and the acceptance of the changed conditions. The new agreement had the effect of changing the provision, that when two or more divisions are merged the seniority of engineers then in service shall be confined to the original territory upon which they have earned it, in so far as this provision affected the districts here involved. There is nothing in the contract which precludes such a change, or the making of an exception to the general rule in the case of these two divisions, or that requires that seniority rights shall be affected in the same manner in all cases of consolidation of districts. The contract provides that the management and the engineers may, by mutual consent, change the terms of the agreement; and it clearly appears that the engineers, acting through their committee, agreed with the management upon the consolidation of the divisions and the relative seniority rights of the engineers affected. It is further noted that the original contract provides for a system of appeals by any employee who feels aggrieved, and that questions thus presented may be finally taken to a Joint Reviewing Committee, consisting of three representatives for the management from each Region of the System and nine General Chairmen of the Engine and Train Service Employees for the employees, and it is provided that the decision of this Joint Reviewing Committee shall be final. It is alleged in the complaint that the plaintiffs had conversations with the division superintendent and the chairman of some committee, but they seem to have there abandoned any effort toward a review.

Appellants' complaint is that their status has been changed, but the contract, upon which their seniority rights are founded, contemplated the possibility of a change that would affect those rights, set up agencies with authority to agree to changes, provided for an

appeal by the individuals affected, and established an agency for final review and final determination of all questions that might arise. The appellants allege that they acquiesced in and accepted the benefits of the contract. In so doing they must be deemed to have accepted the burdens and conditions also.

The Appellate Court of Illinois recently considered the rights of engineers under the identical contract here involved, in a case in which the complaint was substantially the same as in the case at bar. It reached the conclusion that the "reservation of authority was binding upon the beneficiary to this contract and that the Committee had full authority to represent them." It concluded that the bill of complaint should be dismissed for want of equity. The terms of the contract will be more fully disclosed by an examination of that opinion; and the authorities there cited and relied upon sustain the views here expressed. See *Evans et al.* v. *Johnston et al.* (1939), 300 Ill. App. 78, 93, 20 N. E. (2d) 841, 847. Petition for leave to appeal denied by Supreme Court of Illinois, 301 Ill. App. xxii. Petition for certiorari denied, February 12, 1940, 309 U. S. 662, 60 S. Ct. 582.

We do not deem it necessary to consider certain questions which were raised and presented, involving the jurisdiction of federal courts or agencies to deal with the situation.

Judgment affirmed.

NOTE.—Reported in 29 N. E. (2d) 953.