MCKEE ET AL. *v.* STATE OF INDIANA

[No. 27,506. Filed December 8, 1941.]

*Scott Ging,* of Indianapolis, *Hayden C. Covington,* of Brooklyn, New York, *Walter Reese,* of Shelbyville, *Victor F. Schmidt,* of Rossmoyne, Ohio (*Joseph F. Rutherford,* of Brooklyn, New York, of counsel) for appellants.

*George N. Beamer,* Attorney General, *Urban C. Stover,* Deputy Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for appellee.

*Julius C. Travis,* of Indianapolis, and *Arthur Garfield Hays* and *Shad Polier,* both of New York City, amici curiae.

RICHMAN, J.—Appellants were convicted by a jury under an affidavit reading:

"Scott Adams being by me first duly sworn upon his oath, deposes and says, on information and belief, that Lucy McKee, Clemmie Evitts, Grace Trent, Keziah Ullery and Frances Laughlin late of said County, on the 20th day of June, A. D., 1940, at the County of Fayette, and State of Indiana, did then and there unlawfully, feloniously and purposely conspire, combine and confederate together for the purpose of doing an unlawful act, towit, for the purpose of unlawfully, purposely and maliciously inciting the people of the County of Fayette, in the State of Indiana against all forms of organized government and to disrespect the flag of the United States of America, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The verdict was:

"We, the jury in the above entitled cause, find the defendants, Grace Trent and Lucy McKee, guilty as charged in the affidavit, and that they be imprisoned in the Woman's State Prison for a period of not less than two (2) years nor more than ten (10) years, and assess their fine in the sum of $500.00."

The judgment assessed the penalties prescribed by the verdict.

There was no motion to quash the affidavit. A motion in arrest of judgment was filed too late. If either had been filed at the proper time it probably would not have been necessary to bring a record to this court containing 1030 pages with an appellants' brief of 186 pages plus a 36 page appendix.

Motion for new trial assigning separately that the verdict is not sustained by sufficient evidence and is contrary to law was overruled and is properly assigned and relied on as error.

There are no common-law offenses in Indiana. *Sweet* v. *State* (1941), 218 Ind. 182, 31 N. E. (2d) 993. Nor

is there such a statutory offense as conspiracy to commit a misdemeanor. The nearest approach thereto is the "Rout" statute, § 10-1507, Burns' 1933, § 2537, Baldwin's 1934 which itself defines only a misdemeanor. The flag desecration statute, § 10-506, Burns' 1933, § 2993, Baldwin's 1934, which is sought to be tied into this prosecution, has a misdemeanor penalty. It is unnecessary to determine whether refusal to salute the flag was a violation of this statute. If such offense be conceded the verdict assessing the penalty of a felony is contrary to law.

We are required therefore to examine the evidence for proof of a felony. Appellee relies on the riotous conspiracy statute, § 10-1506, Burns' 1933, § 2524, Baldwin's 1934. The gist of the offense therein stated is uniting for the purpose of doing any unlawful act in the nighttime or while disguised. There is no evidence of disguise. The most that was done in the nighttime was to unite to distribute or agree to distribute literature that was objectionable to many persons in the community and to discuss the doctrines contained in the literature. This statute does not make such conduct unlawful. If it is a crime it must be because the literature itself is unlawful which is appellee's final contention.

The statute relied upon is § 10-1302, Burns' 1933, § 2400, Baldwin's 1934, which is a part of the "Criminal Syndicalism" Act of 1919, and creates a felony. The section reads:

"It shall be unlawful for any person to advocate or incite, or to write, or, with intent to forward such purpose, to print, publish, sell or distribute any document, book, circular, paper, journal or other written or printed communication, in or by which there is advocated or incited the overthrow, by force or violence, or by physical injury to personal property, or by the general cessation of indus-

try, of the government of the United States, of the State of Indiana, or all government."

It is not contended that the literature distributed advocates "physical injury to personal property" or "general cessation of industry" of any government. The only claim of an offense under this act is that the literature advocates the overthrow of all human government. If this be conceded nevertheless it is not shown to advocate or incite such overthrow by the use of force or violence. This is necessary to constitute the offense. The evidence therefore is insufficient to sustain the verdict if it is based on this statute.

There is one other, § 10-1101, Burns' 1933, § 2909, Baldwin's 1934, covering conspiracy to commit a felony but here again the object of the conspiracy must be shown to be a felony. Appellee has not pointed to any other felonious crime which the evidence tends to establish.

There being no felony shown by the evidence the verdict which assesses the penalty of a felony is contrary to law.

Judgment reversed with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 37 N. E. (2d) 940.