STATE OF INDIANA *v.* SUTHERLIN

[No. 28,631. Filed June 16, 1950. Rehearing denied
October 31, 1950.]

588

J. *Emmett McManamon,* Attorney General, and *J. Frank Durham,* Prosecuting Attorney, 64th Judicial Circuit, for appellant.

*Hughes & Hughes,* of Greencastle, and *Craig & Craig,* of Brazil, for appellee.

EMMERT, C. J.—This is an appeal from a judgment that a grand jury accusation against the appellee, as Sheriff of Putnam County, did not state facts sufficient to constitute cause for his removal from office, entered on the court's ruling sustaining appellee's objections to the accusation. The statutory objections to the legal sufficiency of the accusation serve the purpose of a demurrer for want of facts. *State ex rel. Weatherholt* v. *Perry Circuit Court*

(1933), 204 Ind. 673, 185 N. E. 510. We deferred ruling on appellee's motion to dismiss the appeal until after the cause was briefed on the merits, and this issue is now ripe for disposition.

The motion to dismiss stated as grounds therefor that there was no statutory authority for the state to appeal from an adverse judgment. It is true that the statute covering proceedings for grand jury accusation for removal from office does not expressly provide for an appeal by the state. Section 49-833, Burns' 1933,[1] does provide for an appeal by the defendant from a judgment of removal, but the statute does not prohibit an appeal by the State of Indiana, nor does the fact that the action is statutory, "summary in character, unknown to the common law, and not a civil action," as said in *State ex rel. Weatherholt* v. *Perry Circuit Court* (1933), 204 Ind. 673, 675, 185 N. E. 510, *supra*, prevent an appeal by the state.

Section 2-3201, Burns' 1946 Replacement, provides: "Appeals may be taken from the circuit courts and superior courts to the Supreme Court, by either party, from all final judgments, . . ." We believe and so hold that this statute provides for an appeal by the state from a final adverse judgment in proceedings for the removal of a county officer.

The accusation is not a model in form or substance, since it is difficult to determine upon what theory it proceeded, and much evidence has been pleaded instead of the ultimate facts which would constitute a cause for his removal. See 1 Gavit,

---

[1] "From a judgment of removal, an appeal may be taken to the Supreme Court, in the same manner as from a judgment in a civil action; but, until such judgment is reversed, the defendant is suspended from his office. Pending the appeal, the office must be filled as in case of a vacancy." Section 49-833, Burns' 1933, (Acts 1897, ch. 182, § 33, p. 278).

*Indiana Pleading and Practice,* § 109; I Watson's Rev., *Works' Indiana Pleading, Practice, Procedure and Form,* § 329, p. 228; 1 Lowe's Rev., *Works' Indiana Practice,* § 12.16, p. 370. But disregarding the evidentiary allegations as surplusage, and considering the averments of fact, the accusation did state sufficient cause for removal.

The accusation is not separated into counts, but attempts to charge three separate causes for removal, which for convenience will be referred to as the slot machine charge, and two separate punch board charges.

The material parts of the slot machine charge, in substance allege that the appellee, as Sheriff of Putnam County, called to the sheriff's office in the court house, one Gifford Black, who is the highest officer of a certain lodge of Greencastle, and stated, among other things, that one Paul Reising would like to put a slot machine on the lodge property on a percentage basis of "70 to 30," part to said Reising and part thereof to the lodge, and if the said Black wanted him, the sheriff, to help the said Black he had better put the machine in and upon the lodge property, and that the said sheriff would not apprehend, arrest, or prosecute the said Black or any other person in charge of the club rooms of the lodge.

Upon an examination of Ch. 182 of the Acts of 1897, § 49-821 et seq., Burns' 1933, it will be noted that the provisions provide for the procedure in the return of a grand jury accusation, the making of issues thereon, and the trial, finding and judgment for removal, but that it does not state the causes for removal. However, these provisions should be construed with §§ 7 and 8 of Article 6 of the Constitution of Indiana, which are as follows:

§ 7 "All State officers shall, for crime, incapacity, or negligence, be liable to be removed from office, either by impeachment by the House of Representatives, to be tried by the Senate, or by a joint resolution of the General Assembly; two-thirds of the members elected to each branch voting, in either case, therefor."

§ 8 "All State, county, township, and town officers, may be impeached, or removed from office, in such manner as may be prescribed by law."

In *McComas* v. *Krug* (1882), 81 Ind. 327, 42 Am. Rep. 135, there was involved a complaint for removal of a sheriff for intoxication pursuant to § 49-837 (Acts 1875, ch. 58, § 1, p. 91), and the contention was made that the act was unconstitutional. The court construed §§ 7 and 8 of Article 6 of the Constitution of Indiana in *pari materia* and said:

"It would seem that these two sections of the constitution were intended, and ought, to be construed together. They both treat of the same general subject, namely, impeachment or removal from office. Construed together, sections 7 and 8 would provide, as to State officers, that for crime, incapacity, or negligence, they should be removed from office, either by impeachment by the house and trial by the senate, or by a joint resolution of the General Assembly, or in such manner as might be prescribed by law; and, *as to county, township and town officers, the same sections of the constitution, construed together, would provide that for crime, incapacity, or negligence, they should be impeached, or removed from office in such manner as might be prescribed by law.*" (Italics supplied.)

Thus, if the slot machine charge in substance stated a crime the objections should have been overruled.

Section 10-2326, Burns' 1942 Replacement, provides, "It shall be unlawful: (a) . . . *to offer to* sell, rent, lease, *let on shares,* . . . any slot machine or device as hereinafter defined; . . ." (Italics supplied.)

The accusation charged that the sheriff on behalf of Reising, made the offer to "let on shares" the slot machine. Section 10-2328, Burns' 1942 Replacement, makes the violation of the slot machine act a misdemeanor. Appellee correctly insists there is no statutory crime of conspiracy to commit a misdemeanor in Indiana. *McKee* v. *State* (1941), 219 Ind. 247, 37 N. E. 2d 940. Nor do we have any general statute in Indiana making an attempt to commit a misdemeanor a crime. But "All persons concerned in the commission of a misdemeanor are liable as principals. In misdemeanor cases the law does not know any accessories, either before or after the fact." *Ewbank's Indiana Criminal Law* (2d Ed.), § 448, p. 293. "When a person stands in such relation to a misdemeanor as would constitute him an accessory before the fact if the offense were a felony, he is regarded as a principal and punished as such. 1 Bishop, *New Criminal Law* (8th Ed.), § 685; *Stratton* v. *State* (1874), 45 Ind. 468; § 2095 Burns' 1914, § 1788 R. S. 1881." *Thompson* v. *State* (1920), 189 Ind. 182, 185, 125 N. E. 641. See also *Lay* v. *State* (1895), 12 Ind. App. 362, 39 N. E. 768. The accusation did charge the sheriff with a misdemeanor as defined by § 10-2326, Burns' 1942 Replacement.

A "punch board" has been held a gambling device under § 10-2312, Burns' 1942 Replacement. *Hatton* v. *Casey* (1931), 93 Ind. App. 336, 178 N. E. 303, but this section of Ch. 169 of the 1905 Acts prohibits the keeping or exhibiting of such devices, and does not prohibit an attempt to do the prohibited acts. We have no common law crimes in Indiana. *Ewbank's Indiana Criminal Law* (2d Ed.), § 1, p. 2. We have not been cited in the briefs to any criminal statute which would be violated by the allega-

tions in the grand jury accusation as to punch boards. The two charges concerning punch boards did not charge any completed offense had been committed. They stated that if one Harold Boesen and one Wayne Marks were to run and operate or engage in the operation of punch boards, it would be necessary for them to see Paul Reising and use his punch boards, and do not charge that either Boesen or Marks intended to or did in fact keep or exhibit any punch boards at the time the statements were made or at any other time thereafter. Nor does the accusation charge that the sheriff solicited or accepted any money, promise of an act beneficial to him, or valuable thing as prohibited by the statute on bribery defined by § 10-601, Burns' 1942 Replacement. At most it constituted a declaration of intention by the sheriff that if Boesen or Marks were to violate the law on punch boards that they would have to use the punch boards of Paul Reising, even though the sheriff would countenance and permit gambling if done with punch boards furnished by Paul Reising. If such acts are to constitute a crime, the Legislature will have to say so by statute.

It is not necessary in this decision to determine the meaning of the word "negligence" as used in § 7 of Article 6 of the Constitution of Indiana as it was understood by the members of the constitutional convention and the voters who ratified it in 1851, since whether the term included intentional or unintentional wrongs, the allegations do not show that the sheriff breached his duty with reference to any consummated act. Some of the allegations with reference to the punch board charges might constitute evidence that the sheriff had in fact breached his duty if gambling offenses were being committed, but the allegation merely showed a declaration of his intention to refuse

to do his duty in the event Boesen and Marks violated the statute with reference to keeping or exhibiting punch boards.

Judgment reversed, with instructions to overrule the objections to the accusation, and to take further proceedings consistent with this opinion.

NOTE.—Reported in 92 N. E. 2d 923.