STATE OF INDIANA ET AL. *v*. BRIDWELL,
SPECIAL JUDGE ETC., ET AL.

[No. 30,016. Filed October 31, 1960. Rehearing denied
November 28, 1960.]

136

*Edwin K. Steers,* Attorney General, *Robert Hollowell,* Special Counsel, and *Hollowell & Hamill,* of counsel, of Indianapolis, for petitioners.

*Smith & Jones,* of Indianapolis, for respondents.

ARTERBURN, J.—The State of Indiana, in its Sovereign Capacity and on the relation of John Peters, et al. as members of the State Highway Department of Indiana, petitioned this Court for a writ of mandate and prohibition to confine the respondent, Robert V. Bridwell, Special Judge, Superior Court of Marion County, Room 1 and M. Walter Bell, Regular Judge thereof, to their lawful jurisdiction in a certain cause of action filed in the Superior Court of Marion County, Room 1 as Cause No. S60-4769 entitled Jules T. Gradison and Rita J. Gradison, plaintiffs vs. John Peters, Charles M. Dawson, H. E. Bodine, George M. Foster, Jack A. Haymaker and Albert Steinwedel, defendants.

The action filed in Superior Court of Marion County, Room 1 sought to enjoin certain acts in another case (being a condemnation action to take land for highway

purposes pending in the Superior Court of Marion County, Room 3). Among the acts sought to be enjoined was the payment of the appraisers' award in that case by Albert Steinwedel as Auditor of State, the taking of possession of the land so appropriated and the executing of contracts for the highway work by state officials. A restraining order was issued without notice by the trial court (respondent herein) restraining such action. We thereupon issued a temporary writ of prohibition against such interference by the respondent judges in the case pending in Superior Court Room No. 1.

The Gradisons, in their action for injunction and restraining order in Superior Court Room No. 1, allege that they bring the action as taxpayers. Their complaint, however, shows that they are also the owners of the real estate condemned and appropriated in the prior pending action by the State of Indiana for highway purposes. They further allege that they agreed to certain stipulations in the condemnation action (to withdraw their objections and to an appraisal) by reason of the false and fraudulent threats "of the relators to take more property and in fact all their property unless they cooperated."

On the other hand, the relators claim that the gravamen of the action brought by the respondents in Superior Court Room No. 1 is really an attempt to get a court to determine whether or not the State should plan the highway so as to go over or under Twenty-First Street and that the Highway Department and state officials are, in fact, enjoined until they give consideration to the alternative designs proposed by the Gradisons and until they alter the plans and designs to conform to those propounded by the Gradisons; that

the injunctive action brought by the Gradisons seeks to control the discretion of the state officials.

The restraining order issued in this case on July 25, 1960 by the respondent trial court prevented the State of Indiana from paying the appraisers' award as damages to the Gradisons for the land taken and from entering into construction contracts for more than $3,-000,000.00. The restraining order was issued without notice and on a bond in the penal sum of $5,000.00. The record shows the Gradisons then filed a motion to continue the hearing on the temporary injunction. There has since been, upon application of the Gradisons, a motion for a change of venue from the regular judge. Ninety days later no hearing had yet been held on the temporary injunction.

The record shows that the Gradisons, in the original condemnation action in Superior Court Room No. 3, filed a motion to set aside all proceedings therein subsequent to the objections filed by the Gradisons to the original condemnation complaint. In that motion they set out substantially all the allegations with reference to fraud and being coerced into withdrawing objections and into making stipulations, as are set out in the complaint for an injunction filed before the respondents in Superior Court Room No. 1.

The court in which it is claimed the error or fraud occurred is the proper forum in which to seek the relief claimed while the case is still pending and not in another proceeding before another judge.

The record does not disclose any ruling on the motion filed by the Gradisons in the condemnation action.

Still the Gradisons, not securing a ruling upon the issue raised in the condemnation action, have sought another forum and judge to present the same issues and have then procured a restraining order for the purpose

of interfering with the condemnation proceeding then pending.

The Gradisons in their brief complain:

"It is clear that whatever attempts are made to achieve justice in one channel are met with opposition, and when attempts to achieve justice in another channel are sought by the Gradisons, they are likewise opposed. This, then, represents the attitude of the Relators. Any attempt on the part of the Gradisons to rectify injustice are to be met with opposition."

An answer to such an argument is that the mere fact that a party is opposed in a court is no reason why he is entitled to ask another court or judge for relief. In seeking a remedy in court one may normally anticipate opposition; otherwise there would be no necessity for asking for legal action.

The contention made by relators that they are taxpayers only is not borne out by the allegations in the complaint. They are taxpayers and also real parties in special interest as owners of the land involved. Their special interest as such owners is set out, as well as the alleged damages which they will sustain by reason of the plans of the State Highway Department. The allegations are the same (including fraud and coercion) as made in their "Motion to Set Aside" filed in the condemnation action. Merely designating themselves as taxpayers does not change the theory of their complaint. The theory of a complaint is determined by the main and material allegations thereof. *Armstrong* v. *Illinois Bankers Life Assn.* (1940), 217 Ind. 601, 29 N. E. 2d 415, 131 ALR 769, Reh. Den. 29 N. E. 2d 953; *State ex rel.* v. *Curtin* (1940), 217 Ind. 190, 26 N. E. 2d 909; *New Albany Trust Company* v. *Nadorff* (1940), 108 Ind. App. 229, 27 N. E. 2d 116.

This is not a taxpayers' action, but rather an action by an interested party in another lawsuit, who has failed to obtain the relief to which he thinks he is entitled in the other pending action and who seeks, without alleging any unconstitutionality or utterly void assertion of authority, nevertheless, to enjoin the persons acting as state officials from performing certain duties authorized by another court. The restraining order issued enjoins the State Treasurer and State Auditor from paying the award of the appraisers made in the condemnation action. *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 186 N. E. 310; *Shoemaker, Aud. of State,* v. *The Board of Comm'rs of Grant Co. and Another* (1871), 36 Ind. 175; 52 Am. Jur., Taxpayers Actions, Sec. 2, et seq., pp. 2-7; Ex parte Ayers (1887), 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216.

This is substantially the same set of facts upon which the opinion in *State* v. *Marion Circuit Court* (1959), 239 Ind. 327, 157 N. E. 2d 481 is based. In that case the court said at page 485:

"A court in which a condemnation proceeding is pending has the jurisdiction to determine the possession of the real estate pending the litigation if the issue is presented. If such court decides erroneously, then the remedy is through an appeal. The mere fact that a trial court may or does decide in error a question presented, does not deprive it of jurisdiction. Jurisdiction includes the power to decide an issue erroneously as well as correctly. The remedy for any such error is an appeal. *State ex rel. Williams* v. *Goshorn* (1942), 220 Ind. 369, 43 N. E. 2d 870; *State* v. *Perry Circuit Court,* (1933), 204 Ind. 673, 185 N. E. 510.

"Reading the Eminent Domain Act as a whole it appears to us that it was the intention of the legislature to expedite such proceedings by turning the possession over to the condemnor upon payment

of the appraisal and pending any future litigation in the case. It does not warrant an interpretation which would create a complicated system under which the possession would vacillate between the parties pending the litigation.

"Burns' §3-1707, 1946 Repl. provides for the filing and a trial on exceptions to the appraisement and states therein that:

"'. . .; the court may make such further orders, and render such finding and judgment as may seem just. Such judgment as to benefits or damages shall be appealable by either party as in civil actions to the Appellate or Supreme Court.'

"The fact that the Ensleys may have asked and been denied in the condemnation action the relief they now seek, gives them no right to go into another court of coordinate jurisdiction and ask it to assume jurisdiction over such matter and grant such relief. *Only the Superior Court of Marion County, Room 1*, in which the original condemnation action was brought has jurisdiction of such issues (or the Supreme Court, if on appeal) so long as it is in litigation and not finally adjudicated." (Our emphasis)

No well-ordered judicial system can countenance the unseemly interference of one court in the litigation before another court of coordinate jurisdiction. For the very same reason such interference should not be tolerated between judges of different divisions or rooms in the same court. The principle that the one first acquiring jurisdiction retains it to the exclusion of all others of coordinate position is applicable here. *State* v. *Marion Superior Court Room No. 1* (1959), 239 Ind. 472, 158 N. E. 2d 264; *State ex rel. Bk. of Greentown* v. *Howard C. C.* (1958), 238 Ind. 448, 151 N. E. 2d 515; *State ex rel. Pub. Serv. Comm.* v. *Boone C. C., etc.* (1956), 236 Ind. 202, 138 N. E. 2d 4, Rem. Den. 139 N. E. 2d 552; *Hughes* v. *The Lake*

*Erie and Pacific R. R. Co.* (1863), 21 Ind. 175; *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646.

The temporary writ is made permanent, and the clerk is directed to certify this opinion forthwith to the court below.

Jackson, C. J., Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 233.