ROBERT E. JONES, AS DISTRICT ATTORNEY OF CLARK COUNTY, NEVADA, PETITIONER, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE TAYLOR H. WINES, JUDGE THEREOF, PRESIDING IN DEPARTMENT No. 1, RESPONDENTS.

No. 3620

June 23, 1950.                                    219 P.2d 1055.

*Jones, Wiener, Jones & Zenoff,* of Las Vegas, *Thatcher, Woodburn & Forman,* and *M. A. Diskin,* all of Reno, for Petitioner.

*George E. Marshall,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, J.:

■ This petition tests the sufficiency of the allegations of a complaint in the district court seeking to remove petitioner from the office of district attorney of Clark County for "neglect of duty and malfeasance in office." Petitioner contends that the trial court is without jurisdiction to proceed by reason of the fact that no one of the four counts set forth in the complaint alleges acts of neglect of duty, misfeasance, nonfeasance, or malfeasance such as to justify his removal from office as district attorney of Clark County. That prohibition is a proper remedy in the premises was determined by this court in Buckingham v. Fifth Judicial District Court, 60 Nev. 129, 102 P.2d 632.

The proceedings below were commenced under the provisions of secs. 4860 and 4861, N.C.L.1929, as amended.[1] The district court overruled the defendant's demurrer and was about to proceed to hear the evidence in a summary manner as required by the statute when we halted the proceedings by an alternative writ. The petition for

---

[1]Sec. 4860. "Any person now holding or who shall hereafter hold any office in this state, who shall refuse or neglect to perform any official act in the manner and form prescribed by law, or who shall be guilty of any malpractice or malfeasance in office, may be removed therefrom as hereinafter prescribed."

Sec. 4861. "Whenever any complaint in writing, duly verified by the oath of any complainant, shall be presented to the district court, alleging that any officer within the jurisdiction of said court has been guilty of charging and collecting any illegal fees for services rendered or to be rendered in his office, or has refused or neglected to perform the official duties pertaining to his office as prescribed

the peremptory writ was thereafter submitted upon presentation of written briefs and oral argument. The petition recites the status of the defendant as the district attorney of Clark County, the official status of the respondent court and judge, the filing of the removal complaint and the presentation and overruling of the defendant's demurrer thereto. A copy of the amended removal complaint is annexed as an exhibit, which, after recital of formal matters, sets out four counts. We have thought best to dispose of the first, third and fourth counts before directing our attention to the second.

The first count is recited in the following language: "That the defendant on or about the 2nd day of September, 1949, made a criminal accusation against one Glen Jones, the duly elected, qualified and acting Sheriff of the County of Clark, State of Nevada, in that the said defendant accused the said Glen Jones of being an accomplice in the burglary of the residence of one Jack C. Cherry, in the City of Las Vegas, County of Clark, State of Nevada, and demanded the resignation of the said Glen Jones as Sheriff of the County of Clark, State of Nevada, or in the alternative that the said defendant would then and there file a burglary complaint against the said Glen Jones accusing him of participation in the said burglary of the said Jack C. Cherry home, which said burglary was committed on or about the 29th day of July, 1949. The said defendant then and there, well knowing that there was no basis whatsoever or at all for such accusation and no evidence to support such accusation, and that said accusation was negligently and

by law, or has been guilty of any malpractice or malfeasance in office, it shall be the duty of the court to cite the party charged to appear before him on a certain day, not more than ten or less than five days from the time when said complaint·shall be presented, and on that day, or some subsequent day not more than twenty days from that on which said complaint is presented, shall proceed to hear, in a summary manner, the complaint and evidence offered by the party complained of, and if, on such hearing, it shall appear that the charge or charges of said complaint are sustained, the court shall enter a decree that said party complained of shall be deprived of his office."

recklessly made with the intent then and there to intimidate the said Glen Jones in his official capacity as Sheriff of the County of Clark, State of Nevada, and further to bring about the unwarranted resignation of said Glen Jones, as . Sheriff of said County of Clark, State of Nevada."

In discussing this count, counsel for the respective parties have included in their briefs rather exhaustive treatises upon the distinctions between neglect of duty, misfeasance, nonfeasance and malfeasance. We do not find it necessary to indulge in a lengthy consideration of the differences and the distinctions. They were considered at some length by this court in Buckingham v. Fifth Judicial District Court, 60 Nev. 129, 102 P.2d 632.

■■ The first count, as above set forth, patently attempts to allege an act of malfeasance, somewhat synonymous with malpractice in office, and constituting an act of commission as distinguished from an act of omission. Respondents frankly concede that in order to warrant removal from office the act of malfeasance must have a direct relation to and be connected with the performance of official duties; that the conduct charged must be something that the defendant did in his official capacity. Indeed respondents cite the case of Wilson v. Highland Park, 284 Mich. 96, 278 N.W. 778, 116 A.L.R. 352, as supporting this rule. The rule is supported by many other authorities and is based on sound reason. We think the first count of the complaint fails to measure up to this requirement. The district attorney is not alleged to have filed any charge or accusation before any committing magistrate nor did he threaten to prosecute the sheriff on any such complaint.[2] It does not appear that the sheriff was about to perform some

[2]Sec. 2073, N.C.L.1929, constitutes the district attorney in each county as the public prosecutor. Sec. 2074 requires him to attend the district courts for the transaction of criminal business and, in some instances, the justices' courts, and to conduct all prosecutions on behalf of the people for public offenses. Sec. 2076 requires him to draw indictments when required by the grand jury. Sec. 11328

official act and that he was intimidated into doing or refraining from doing any official act. Respondents in their answering brief assert that the allegations of this count show that the district attorney was·violating the provisions of sec. 10013, N.C.L.1929, which declares that a person shall be guilty of gross misdemeanor who by threat, force, etc., shall attempt to deter or prevent an officer from performing a duty imposed upon him by law. It is clear however that such situation is not alleged. Respondents also cite sec. 10424 defining coercion, and sec. 10048, which defines the misdemeanor of intimidating a public officer "with intent to induce him, contrary to his duty to do or make or to omit or delay any act, decision or determination," but this count alleges no facts to bring the case within the purview of these sections. It is clear to us that this count of the complaint was not drafted with any thought of charging petitioner with either a misdemeanor or a gross misdemeanor. Respondents insist that this count of the complaint "reflects upon petitioner herein" in his official capacity as district attorney. They also insist that if the district attorney had filed the threatened complaint it would then have been his duty under the statute to prosecute the same. Giving full force to these assertions, it still does not appear that the district attorney performed any such act in his official capacity as to constitute malpractice or malfeasance, or as to constitute anything more than heated, possibly rash, statements to the sheriff. We are of the opinion that this count does not state sufficient facts to constitute a cause for removal.

Passing the second count for the moment, we turn to the third count of the complaint. This count is in the following language: "That during the month of July,

provides for the filing of informations by the district attorney pursuant to the provisions of sec. 11327, which authorizes the district courts to try prosecutions upon information as well as under indictment. The filing of a "complaint" (apparently with a committing magistrate) does not appear to be imposed by any statute as an official duty of the district attorney.

1949, complaint was made to defendant as District Attorney of the County of Clark, State of Nevada, that one Dave Stearns, a resident of Clark County, Nevada, did violate the election laws of said State of Nevada in that he voted in a general election held in Precinct No. 18 in the City of Las Vegas, County of Clark, State of Nevada, on or about November 5, 1946, he, the said Dave Stearns, having no right of franchise on or about November 5, 1946, by reason of having been, prior to said general election held on or about November 5, 1946, convicted of a felony, and that on or about said November 5, 1946, the said Dave Stearns' civil rights had not been restored to him; that defendant, although having such complaint before him, did wilfully and deliberately fail to perform his duty by failing to investigate or prosecute the said Dave Stearns for said alleged violation of the election laws of the State of Nevada, to-wit, Section 2494, Nevada Compiled Laws, 1929, and that said defendant did neglect the duties of his office by deliberately and wilfully refusing to investigate or prosecute the said alleged violation, which came to his attention and of which he had knowledge subsequent to the month of July, 1949, and which he was required by law to investigate or prosecute, as is prescribed by the laws of the State of Nevada, violated his sworn and statutory duty as District Attorney for the County of Clark, State of Nevada."

█ This count patently attempts to allege an act of nonfeasance, or, as put by respondents in their brief, "neglect to perform an official duty * * * an act of omission." Respondents refer us to Speer v. State, 130 Ark. 457, 198 S.W. 113, State on Inf. McKittrick v. Wallach, 353 Mo. 312, 182 S.W.2d 313, 155 A.L.R. 1, and other cases, which indicate the duty of the prosecuting attorney to initiate proceedings against parties who he knows or has reason to believe have committed crimes. These cases hold that the wide discretion vested in prosecuting attorneys with reference to the prosecution

of parties for crime must be exercised in good faith, and is not an arbitrary discretion. Many of these cases arose in connection with the district attorney's refusal to prosecute anti-liquor or anti-gambling laws. In the allegations of this count, however, we find ample implication that the defendant district attorney did, as a matter of fact, exercise his discretion against the prosecution which he is accused of neglecting. Section 56 of the General Election Law of 1917, being sec. 2494, N.C.L., provides that every person not entitled to vote who fraudulently votes shall be guilty of a felony. This is apparently the only statute seeking to implement sec. 1 of article II of the Constitution of Nevada, being N.C.L. sec. 42, which provides that no person who has been or may be convicted of treason or felony *in any state or territory of the United States,* unless restored to civil rights, shall be entitled to the privilege of an elector. The complaint alleges that one Dave Stearns voted in the November, 1946 election without right of franchise because he had theretofore been "convicted of a felony" and that his civil rights had not been restored, and that complaint was made to the district attorney, who wilfully and deliberately failed to perform his duty by failing to investigate or prosecute Stearns for such alleged violation. So far as can be ascertained from the complaint, it was not indicated in which of the forty-eight states or in which of the territories Stearns had been convicted of a felony, or what other information or evidence had been placed before the district attorney. So far as can be ascertained from the allegations contained in this count the "complaint" thus alleged to have been made to the district attorney may have been entirely casual and under circumstances that did not seem to warrant the intensive investigation that may well have been involved. It is well known that innumerable matters are brought to the attention of the district attorneys of the several counties of the state throughout the year, and that the district attorneys, in the exercise

of their discretion and for reasons which they deem sound, determine in many cases that neither a prosecution nor an investigation is warranted. Under this count we see nothing other than such a situation, and do not find that it constitutes a ground for removal for neglect of duty or nonfeasance in office.

■ The fourth count of the complaint for removal is in the following language: "That on or about the 22nd day of March, 1949, the Board of County Commissioners of the County of Clark, State of Nevada, caused a resolution to be adopted ordering and requiring the abatement of a nuisance, to-wit, of the Roxie Motel situate about four miles in a Southeasterly direction from the City of Las Vegas, County of Clark, State of Nevada, on the ground that said Roxie Motel was then and there being conducted as a house of prostitution, and that thereafter, and on, to-wit, the 23rd day of March, 1949, a copy of said resolution was, by Glen Jones, Sheriff of the County of Clark, State of Nevada, served upon one Eddie Clippinger, R. Stovall and Charles Barbee, as required by law, and that thereafter the said defendant wilfully failed, neglected and refused to abate said nuisance or to take any steps whatsoever or at all to so abate said nuisance and that said nuisance continued to operate and exist to the knowledge of defendant thereafter with the exception of the period of approximately one week until, to-wit, September 29, 1949, at which time said nuisance ceased for a period of approximately two weeks, and that the said nuisance has continued thereafter to operate and is operating now, all of which facts were and are known to said defendant, and all of which is contrary to and in violation of the laws of the State of Nevada."

· We have set forth in the margin[3] the statute under

[3]Sec. 2043. "Whenever, in any county of this state, the county commissioners of said county shall have knowledge, either by personal observation, complaint in writing, or other satisfactory evidence, that a nuisance exists within the limits of said county, as defined by section 3346 of the Compiled Laws of Nevada [§ 9051, post] it shall be the duty of said board of county commissioners to

which the board of county commissioners apparently acted. The commissioners, having knowledge that the Roxie Motel was operating as a house of prostitution and therefore constituting a nuisance, "caused a resolution to be adopted ordering and requiring" its abatement. (We may ignore as inconsequential the failure of the board to record its order of abatement in the minutes.) However it did not, as provided in the statute, direct the district attorney to notify the persons responsible to abate the nuisance. Instead it caused a copy of the resolution to be served by the sheriff on three named persons. It does not appear that the district attorney ever saw the resolution or any notice that may or may not have accompanied it or had any opportunity to pass upon the sufficiency thereof or upon its compliance with the provisions of sec. 2043. It is alleged "that thereafter the said defendant [the district attorney—petitioner herein] wilfully failed, neglected and refused to abate said nuisance or to take any steps whatsoever or at all to so abate said nuisance and that said nuisance continued to operate and exist to the knowledge of defendant * * *" It does not appear that the three persons who were served with the copy of the resolution (whether or not the same was accompanied by any additional notice) were the operators, proprietors or agents of the Roxie Motel or were "the person or persons responsible for such nuisance." If the count is based upon the neglect of duty or nonfeasance of the district

take immediate action by entering and recording an order in the minutes of said board, directing the district attorney to notify the person or persons responsible for such nuisance to abate the same, and in case the said notice is not obeyed within five days from and after such service, the said district attorney is hereby directed and empowered to bring action in a court of justice to enforce or abate the same, together with the recovery of damages and costs. Said action shall be under the control of the board of county commissioners in like manner as other suits to which the county is a party, and all necessary expenses incurred in conducting said action shall be paid out of the general fund of said county as other claims are paid. Failure on the part of either county commissioners or district attorney to enforce the provisions of this act shall work forfeiture of office."

attorney, it must be by reason of his neglecting to obey the direction of the county commissioners to notify the persons responsible for the nuisance and in failing thereafter to obey the mandate of the statute directing him to bring an action to abate the same. But it does not appear that the commissioners ever directed him to notify the persons responsible. An attorney, skilled in the practice of the law and carrying out a purely statutory abatement proceeding, would undoubtedly have proceeded carefully, with his finger upon the statute so to speak, to see that all preliminary requirements and conditions precedent had been met. Ordinarily neither the members of a board of county commissioners nor the county clerk acting as clerk of such board are attorneys and it is not surprising that in the hands of those unskilled in the law the essential preliminary requirements for an abatement proceeding were not met. We are satisfied that under the proceedings recited in this count of the removal complaint it cannot be said that the district attorney was guilty either of neglect of duty or nonfeasance in failing to initiate abatement proceedings against the Roxie Motel.

We now revert to the second count of the removal complaint. It reads as follows: "That on or about the 29th day of August, 1949, the said defendant, Robert E. Jones, in company with Jack C. Cherry, on County business, traveled to Boise, Idaho, and returned, concerning the matter of the aforesaid Cherry burglary, and on, to-wit, the 7th day of September, 1949, the said Robert E. Jones, defendant, presented his bill to the County of Clark, State of Nevada, the same being in the proper form as prescribed by law, in the sum of $109.55 for expenses incurred on said trip in pursuance of the business of the County of Clark, State of Nevada, and on, to-wit, the 9th day of September, 1949, the said bill was approved by the Board of County Commissioners of the County of Clark, State of Nevada, and paid by Clark County Warrant No. 5429 in the amount of $109.55, and the defendant received payment therefor

and accepted and has enjoyed the use and benefit of said payment, knowing full well that no expense was incurred by said defendant and that the entire expense of said trip was paid by the said Jack C. Cherry, all of which is contrary to the Statutes of the State of Nevada in such cases made and provided."

In asserting that this count likewise does not state facts sufficient to constitute a cause for removal, petitioner apparently recognizes the force of its allegations because he devoted the major portion of his opening and reply briefs to this count.

Petitioner relies on a number of cases which express the view that in order to allege a proper cause of action for the removal of an officer, for malfeasance, it must appear that the act complained of must have been the result of "wilful conduct," "corrupt motives," "conscious wrong," "evil purpose," "bad purpose," "intent to defraud," "corruption," "evil intent or motive," "with a corrupt or fraudulent intent," etc.

The facts of those cases distinguish them from the case presented under the wording of the amended complaint. In State ex rel. Hammond v. Missildine, Co. Attorney, 215 Iowa 663, 245 N.W. 303, 304, for example, the requirement that "wilful conduct" and "corrupt motives" must appear was opposed to the presence of "mere error of judgment either as to law or fact." In Law, Co. Attorney v. Smith, 34 Utah 394, 98 P. 300, 309, the question of an intent to defraud was opposed to "the mere act of filing an unauthorized claim." In Commonwealth v. Wood, 116 Ky. 748, 76 S.W. 842, 843, the absence of any "evil intent or motive" was opposed to a charge that the *county* officer had wilfully and unlawfully issued a liquor license after a vote establishing local option for the *town*. In Ponting v. Isaman, 7 Idaho 581, 587, 65 P. 434, 436, certain acts as charged were actually "illegal," but removal was denied because the officer "acted honestly, and without intent to defraud his county." Similar distinctions appear throughout. Nor is Buckingham v. Fifth Judicial District Court, 60

Nev. 129, 102 P.2d 632, 635, authority for the proposition, as stated by petitioner, that fraud or corruptness must be alleged. On the contrary, this court there said: "The wrongful act must be made to appear *by the description employed * * *.*" (Emphasis supplied.) Petitioner emphasizes the insufficiency of the clause here used to the effect that the defendant received the money from the county "knowing full well" that the entire expense of the trip had been paid by Cherry. The force of the allegation lies not so much in the fact that petitioner "knew full well" that the entire expense was paid by Cherry but that, as the entire expense of the trip had been paid by Cherry, *no expense had been incurred by petitioner*. Petitioner insists that the complaint itself alleges that the expenses *were incurred*. This is not accurate. The complaint alleges that the district attorney "presented his bill * * * for expenses incurred * * * knowing full well that no expense was incurred." Petitioner also contends that respondents' brief also alleges that the expenses were incurred, but we do not read it that way. If we look to the "description employed" (to use the words of Mr. Justice ORR in the Buckingham case) we find that no expenses were incurred but that the defendant, "well knowing this," nevertheless submitted a claim that they were incurred and collected the amount of the claim from the county. It is not made necessary, as insisted by petitioner, that we indulge in two presumptions, first, that the claim was illegal, and second, that it was submitted with a corrupt intent. It would add nothing to the "description employed" to append the statement that the claiming and collecting of county money as expenses incurred, knowing full well that no expense was incurred, was "with fraudulent intent." Petitioner plausibly and reasonably presents many examples of district judges and other officers presenting claims for per diem, mileage and other expense despite the fact that they are invited to meals by friends or ride in the cars of others. This method of argument is not without its force, but many elements would have to be considered to complete the analogy and

it would be of no assistance to build up and examine a number of hypothetical cases.

Petitioner relies strongly on State ex rel. Fletcher v. Naumann, 213 Iowa 418, 239 N.W. 93, 81 A.L.R. 483, 484, in which the collection of "mileage" from the county, though the officer traveled at no expense to himself, was not considered to be a ground for removal. But the Iowa statute was in no way concerned with "expenses incurred." It simply allowed ten cents a mile "for every mile traveled." Code 1927, sec. 5125, I.C.A. sec. 331.22. Later it amended its statute by eliminating the allowance for mileage when the officer was "gratuitously transported." We do not find it necessary to discuss the cases found in the annotation to this case at 81 A. L. R. 493.

Both parties have devoted much time to three Utah cases. They are Law, Co. Attorney v. Smith, 34 Utah 394, 98 P. 300; Skeen v. Craig, 31 Utah 20, 86 P. 487; and Atwood v. Cox, 88 Utah 437, 55 P.2d 377, 393. The Atwood case thought that the Law case had trouble with the language used in the Skeen case, but counsel seem to have trouble with all of them. The ultimate conclusion reached by the Utah court was that for an officer to be guilty of filing an illegal claim "he must have done so knowing that he was doing wrong or at least under such circumstances that any reasonable person who had done the same thing would have known that he was doing something wrong." This eliminated the necessity of the allegation of fraudulent intent, which was the entire subject of discussion in the two earlier Utah cases. It is in accordance with our own reasoning.

It is suggested that the payment of the expenses by Cherry may have been a mere gratuity, or may have constituted a loan to petitioner, to be repaid by him, but we do not consider that it was necessary for the complaint to negative these or other possibilities. We agree with the many authorities submitted by petitioner to the effect that these statutory removal proceedings are highly penal in their effect and quasi criminal in their nature. Matters of proof, matters of defense, questions

as to whether the drastic remedy, in summary proceedings, of removing from office an official elected by the people for a fixed term, should be adjudged—all these are for the trial judge. In this regard we adopt for the court the language used by McCARRAN, C. J., in his concurring opinion in Ex Parte Jones and Gregory, 41 Nev. 523, 173 P. 885, 888: "The statute which gives rise to this proceeding is one for the removal of certain officers. It is a part of our law, made so by legislative will. The whole procedure is denominated as being summary; hence it precludes the right to jury trial. Into the hands of the district judge this statute lays one of the most sacred duties, that of removing an individual from the enjoyment of public position of trust and honor. The law, in my judgment, contains nothing which recommends itself to the spirit of democracy. It partakes of none of the progressive inspiration which gave rise to the historic scene at Runnymede. It is an extreme and extraordinary measure, intended only for extreme and extraordinary occasions. It is fraught with seriousness and a demand for extreme caution both from the standpoint of him who prefers the charge and him who listens and pronounces judgment. On both it places that high degree of responsibility which is always attendant when the reputation and good name of men are in the balance. It clothes the district judge with a responsibility sacred and potential, and exacts from that officer the highest degree of unbiased judgment, in the formation of which it appears to me proof of the accusations should attain the dignity of exceeding a reasonable doubt."

As to the first, third and fourth counts of the complaint filed in the district court for the removal of petitioner from the office of district attorney of Clark County, the peremptory writ of prohibition will issue. As to the second count, the peremptory writ is denied and the alternative writ vacated. No costs are allowed.

HORSEY, C. J., and EATHER, J., concur.