PEOPLE v. MARKS.

1. CRIMINAL LAW—FALSE PRETENSES WITH INTENT TO DEFRAUD. Defendant who obtained $600 from a 73-year-old spinster for doing $25 worth of repair work to her chimney which took 1 and ¼ hours' time *held*, not guilty of obtaining property by false pretenses, since gross overcharge does not by itself constitute the fraudulent misrepresentation required as an element of the crime (CLS 1961, § 750.218).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur 2d, False Pretenses §§ 12, 16, 22.
[2] 32 Am Jur 2d, False Pretenses § 69.

2. APPEAL AND ERROR—FALSE PRETENSES WITH INTENT TO DEFRAUD.
   Defendant's motions asking dismissal of the cause and quashing
   of the information charging obtaining money by false pre-
   tenses *held,* to be improperly denied, where evidence did not
   show any misrepresentation made by defendant (CLS 1961,
   § 750.218).

Appeal from Lenawee; Martin (Rex B.), J.
Submitted Division 2 May 7, 1968, at Lansing.
(Docket No. 4,130.) Decided August 26, 1968.

Thomas Oliver Marks, Jr., was charged with ob-
taining property by false pretenses. Motions to
dismiss the cause and to quash the information de-
nied. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harvey A.
Koselka,* Prosecuting Attorney, for the people.

*Baker & Durst,* for defendant.

LESINSKI, C. J. Defendant, Thomas O. Marks,
Jr., has been given leave to appeal an interlocutory
order of a circuit court denying his motions to dis-
miss the cause and to quash the information charging
him with obtaining money by false pretenses.*
The facts of the case are not in dispute. Evidence
given in preliminary examination before a justice
of the peace discloses that on May 1, 1967, defendant
and two associates approached Elizabeth Gentz, a 73-
year-old spinster, at her home in Blissfield, Michigan.
Defendant began a discussion of the house's chim-
ney during which Miss Gentz agreed that it needed
repair. Approximately an hour and a quarter later,
defendant announced that the repairs were complete
and informed complainant that the bill would be

* CLS 1961, § 750.218.

$612. When she hesitated, the defendant offered to do more work for a total of $700. Complainant objected to the $12, but assented to $600 for the work already done and was accompanied by defendant and one of his associates into town to withdraw from her bank $600 which she later paid to defendant. A qualified witness at the examination testified that he would value the repairs made at $25.

Although there is no question that defendant has acted in an ethically indefensible manner in over-charging Miss Gentz, his actions do not fall within the scope of CLS 1961, § 750.218 (Stat Ann 1962 Rev § 28.415), which deals with obtaining property under false pretenses. An essential element of the crime is a fraudulent misrepresentation, and the gross overcharge does not constitute fraudulent misrepresentation. A review of the record shows no testimony of any misrepresentation. Consequently, the magistrate had no evidence of misrepresentation on which to bind the defendant over for trial. Defendant's motion in circuit court asking dismissal of the cause and quashing of the information should have been granted.

Reversed and remanded for entry of judgment of dismissal and quashing of the information.

QUINN and MOODY, JJ., concurred.