NAT ADLER, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8490

NAT ADLER, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8491

SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* NAT ADLER, Respondent.

No. 8492

July 15, 1976                    552 P.2d 334

[Case No. 8491, rehearing denied August 31, 1976]

*Claiborne, Brown & Quintana,* of Las Vegas, for Nat Adler.

*Robert List,* Attorney General, Carson City, *George E. Holt,* District Attorney, and *Frank J. Cremens,* Deputy District Attorney, Clark County, for Sheriff, Clark County, Nevada.

## OPINION

*Per Curiam:*

On July 31, 1975, the Clark County grand jury returned three indictments against Nat Adler, public administrator for Clark County. Adler was charged with three separate offenses, all related to his official duties: (1) failure to file a periodic report with the district court concerning the status of estates under his administration (NRS 253.100 and NRS 253.140);

(2) attempt to obtain money under false pretenses (NRS 205.-380 and NRS 208.070); and (3) failure to file quarterly financial statements with the board of county commissioners setting forth the amount of compensation received in his official capacity as public administrator (NRS 253.090).

Timely petitions for writs of habeas corpus were filed alleging the existence of various infirmities in each of the indictments. The petitions which were directed against charges (1) and (2) set forth above were denied. The petition addressing the infirmities in the indictment charging the third (3) offense was granted. All three of the district court rulings were appealed and have been consolidated for review by this court.

To obviate confusion and to facilitate a lucid discussion of the legal issues here raised, we review each of the indictments separately.

Case No. 8490

In Case No. 8490, Adler appeals from the order of the district court which denied his petition for writ of habeas corpus claiming defects in the indictment charging him with a violation of NRS 253.100 and NRS 253.140.

NRS 253.100, in pertinent part, states:

"Each public administrator shall, on the 1st Monday in January and July, in each year, and at the termination of his official duties, make a verified written report to the district judge having jurisdiction in the premises. . . ."

NRS 253.140 provides:

"For any willful misdemeanor in office any public administrator may be indicted, tried and, if found guilty, fined in any sum not exceeding $2,000 and removed from office, but such fine and removal shall not bar any existing right of civil action upon his official bond."

Adler assigns as error the refusal of the district court to strike the indictment on the grounds that the allegations therein were insufficient to apprise him of the offenses with which he was charged.

We find these proceedings to be fatally defective. Article 7, Section 4, of the Nevada Constitution, states that provision shall be made by law for the removal from office of any civil officer other than those in this article previously specified for malfeasance or nonfeasance in the performance of his duties. (The officers "other than those in this article previously specified" were state officers.) Previous to 1909, the statutes now known as NRS 253.100 and NRS 253.140 were the only statutes appropriate to the alleged offense that appears in this case. However, in 1909 the Nevada legislature enacted extensive

legislation providing for the removal of public officers. Today those provisions are compiled as follows: NRS 283.300–283.-430 (accusations for removal presented by county grand jury); NRS 283.140–283.290 (impeachment); and NRS 283.440, Sections 1–4 (summary removal). Those statutes provide procedures for removal of all local officials, not just public administrators.

The appropriate sections of Chapter 283 supersede or at least merge NRS 253.100 and NRS 253.140 under which the indictment in this case was brought. State v. Economy, 61 Nev. 394, 130 P.2d 264 (1942). On the basis of authorities decided by this court since the enactment of the recited statutes the proceeding here is improper. The laws for removal of public officers are not criminal statutes nor are the proceedings criminal proceedings. Gay v. District Court, 41 Nev. 330, 171 P. 156 (1918); Ex parte Jones and Gregory, 41 Nev. 523, 173 P. 885 (1918); Buckingham v. District Court, 60 Nev. 129, 102 P.2d 632 (1940); Jones v. District Court, 67 Nev. 404, 219 P.2d 1055 (1950).

The writ of habeas corpus should have been granted.

## Case No. 8491

1. Adler claims that the indictment charging him with attempt to obtain money under false pretenses is defective on two grounds: (1) it sets forth no material misrepresentation of fact made by appellant; and (2) a claim filed in the course of a judicial proceeding cannot be the subject of a prosecution for false pretenses.

The indictment alleges that appellant submitted a claim against the estate of James H. Gillespie. The bulk of that claim consisted of a charge of $11,340.00 for "expenses relative to pick up, transfer and storage of personal property belonging to the Estate." Appellant represented that the property required 1400 square feet of storage space and that a charge for such space at the rate of ten cents per square foot per day was reasonable. The property was stored for the period commencing April 4, 1975, and ending June 23, 1975 (81) days. The indictment states that appellant willfully and feloniously represented that he stored the property in a larger area than was required and that he knowingly and falsely represented that the rate he charged for storage was reasonable.

From the grand jury transcript Adler's conduct indicates probable cause that he attempted, through the district court, to obtain money under false pretenses from the Gillespie estate. The falsity of Adler's representation is squarely alleged in the indictment. In an attempt to have the district court award him

a storage fee of $11,340.00 Adler claimed the false fact that 1400 square feet were required to store the personal property of the Gillespie estate and that the rate of ten cents per square foot per day from April 4, 1975, to June 23, 1975, was proper.

A false pretense may be made by implication. Bright v. Sheriff, 90 Nev. 168, 521 P.2d 371 (1974); People v. Staver, 252 P.2d 700 (Cal.App. 1953); People v. Marks, 163 N.W.2d 506 (Mich.App. 1968); cf. Herrick v. State, 196 A.2d 101 (Me. 1963).

The indictment of Adler alleges a designed and deceitful claim which implies his intention to perpetrate a fraud on the Gillespie estate through the district court. NRS 173.075 only requires a plain, concise and definite written statement of the accusatory facts in the indictment and specifically provides that it need not contain other unnecessary matter. A plain and concise statement of Adler's acts constituting the alleged offense is set forth in the indictment and it is (1) definite enough to prevent the prosecutor from changing the theory of the case, and (2) it informs Adler of what accusation he is required to meet. These are the mandates of Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972).

2. We reject Adler's contention that the filing of a false claim in a judicial proceeding cannot constitute a basis for a prosecution for an attempt to obtain money under false pretenses. People v. Wallace, 178 P.2d 771 (Cal.App. 1947). See also, De Krasner v. State, 187 S.E. 402 (Ga.App. 1936); People v. Hoffman, 105 N.W. 838 (Mich. 1905).

Case No. 8492

In Case No. 8492, the district court granted Adler's petition for writ of habeas corpus. The two-count indictment charged him with failure to file quarterly financial statements with the board of county commissioners setting forth all fees and compensation he received in his official capacity as public administrator. During his term in office, prior to the filing of the indictment, two such financial statements were due, none was filed. The district court granted the petition on the grounds that the indictment did not allege that appellant had received any fees or compensation in his official capacity at all. It is the

state's position on appeal that a public administrator is required to file the financial statements irrespective of whether he receives any compensation related to his office. The applicable statute is NRS 253.090:

"1.   On the 1st Monday of January, April, July and October, public administrators shall make out and file with the boards of county commissioners of their several counties a full and correct statement under oath of all fees or compensation, of whatever nature or kind, received in their official capacities during the preceding 3 months. In the statement they shall set forth the cause in which, and the services for which, such fees or compensation were received.

"  . . .

"3.   Any public administrator who shall violate any of the provisions of this section shall be fined not more than $1,000."

Notably, the statute is void of any express directive supporting the state's position. In essence, the state seeks to prosecute a "crime by implication." In United States v. Brewer, 139 U.S. 278 (1891), the United States Supreme Court commented in this regard:

". . . Laws which create crime should be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. [Citations omitted.] Before a man can be punished, his case must be plainly and unmistakably within the statute." 139 U.S. at 288.

NRS 253.090 clearly does not require a public administrator to file a statement of "non-receipt of fees or compensation" on a quarterly basis. It is not for this court to impose criminal liability in the guise of statutory construction where none before expressly existed. The ruling of the district court was proper. Ex parte Deidesheimer, 14 Nev. 311 (1879).

Case No. 8490 reversed; Case No. 8491 and Case No. 8492 affirmed.