WILLIAM D. HILKERT, III, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9555

March 17, 1977                          561 P.2d 448

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a True Bill returned by the Clark County Grand Jury, William D. Hilkert, III, was indicted for failing to report campaign contributions and failing to report campaign expenses, gross misdemeanors under NRS 294A.010 and 294A.020.[1]

---

[1] NRS 294A.010(1) provides: "Every candidate for state, district, county, city or township office at a primary or general election shall, within 15 days after the primary election and 30 days after the general election, report the total amount of all of his campaign contributions to the secretary of state on affidavit forms to be designed and provided by the secretary of state."

NRS 294A.020(1) provides: "Every candidate for state, district,

Hilkert, who had been a candidate for the Nevada State Senate in 1976, filed a pretrial petition for a writ of habeas corpus contending that the indictment was fatally defective because it did not allege that he received campaign contributions or that he incurred campaign expenses. He also argued the statutes were constitutionally infirm. The district judge denied habeas relief and, in this appeal, Hilkert reasserts the same contentions.

We have previously held that an indictment accusing a public administrator of failing to comply with a statute requiring him to file quarterly reports of all fees and compensation received in his official capacity was defective because it did not allege that he had received such fees or compensation. Adler v. Sheriff, 92 Nev. 436, 552 P.2d 334 (1976).

Here, there is no allegation that Hilkert either received contributions, or incurred expenses; thus, we have the same deficiency which proved to be fatal in *Adler*. Accordingly, we reverse.

In view of our ruling, it is unnecessary for us to consider the constitutional challenge to the statute. *Cf.* Buckley v. Valeo, 424 U.S. 1 (1976).

county, city or township office at a primary or general election shall, within 15 days after the primary election and 30 days after the general election, report his campaign expenses to the secretary of state on affidavit forms to be designed and provided by the secretary of state."