WEATHERHOLT *v.* STATE OF INDIANA.

[No. 26,375. Filed February 7, 1936.]

*Craig & Mitchell* and *William M. Waldschmidt,* for appellant.

*U. B. Ewing, Philip Lutz, Jr.,* Attorney-General, *Ralph E. Hanna,* Deputy Attorney-General, *D. C. Goble,* and *James Houston,* for appellee.

FANSLER, J.—This is an action to remove appellant from the office of township trustee. Appellant filed what is denominated an "Objection of the Defendant to the Legal Sufficiency of the Accusation," which amounts to, and must be treated as, a demurrer, and another pleading, which is termed "Plea to the Jurisdiction of the Perry Circuit Court," in which the jurisdiction of the court is questioned. Pending a final determination of the cause, an original action was begun in this court in the name of the State on the Relation of Walter Weatherholt, seeking a writ prohibiting the Perry Circuit Court from taking further action in connection with the proceeding. The writ was denied, and it was held that the complaint was sufficient to give the court jurisdiction of the cause, and that the legal sufficiency of the complaint, as against demurrer or similar pleading, was to be determined by the trial court. *State ex rel. Weatherholt* v. *Perry Circuit Court* (1933), 204 Ind. 673, 185 N. E. 510. Thereafter the court overruled appellant's pleading questioning its jurisdiction and his pleading questioning the sufficiency of the complaint. Thereupon appellant refused to plead further, and there was judgment upon the verified complaint, removing him from office and for $500 in favor of the prosecuting attorney:

Appellant assigns as error:

"1. The court erred in overruling appellant's written objections to the legal sufficiency of the accusation or complaint.

"2. The court erred in overruling appellant's plea to the jurisdiction of the court, over the subject matter."

The jurisdictional question is settled by the decision of this court in *State ex rel. Weatherholt* v. *Perry Circuit Court, supra.*

The statute, section 12139, Burns' Ann. St. 1926, §49-836, Burns 1933, provides: "When an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at any time not more than ten nor less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty days from the time the accusation was presented, must proceed to hear, in a summary manner, the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred dollars in favor of the prosecuting officer, and such costs as are allowed in civil cases."

The complaint, after alleging that appellant is trustee, charged with the duty of employing teachers, and that two certain teachers were duly licensed to teach school and had requested and had made application with appellant for employment, which requests and applications have been repeatedly refused, alleges that: "On or about the 20th day of August, 1932, the defendant refused and neglected to perform the official duties pertaining to his office, Township Trustee, of said township

in these things, to-wit: that he wrongfully, feloniously and corruptly advised and solicited said Susie Martin and Ira Carter to unlawfully employ, hire, engage and contract with one Lavina Weatherholt, who was at said time, and now is, the wife of the defendant herein, with respect to his official duty, and influence the defendant's action, and to employ said teachers to teach in said term of school or some part thereof; that said teachers did thereafter and before said school term commenced, act upon the advice and solicitation of said defendant, hired, employed, engaged and contracted with said Lavina Weatherholt, to persuade, influence and obtain said defendant to employ said Susie Martin and Ira Carter in a position as teacher in said township schools; that each of said teachers did pay said Lavina Weatherholt the sum of Five ($5.00) Dollars in cash as a part consideration for said contract and did then and there execute a contract with said Lavina Weatherholt for a fee to be paid to her by said teachers a sum equal to Ten Percent (10%) of the total amount received from said employment for said school term; that said teachers were not and at this time do not have a copy of said contract and for said reason cannot make said contract a part of this complaint; that by, through and under influence, and solicitation of said Lavina Weatherholt and in completion of an understanding by and between the defendant and Lavina Weatherholt and in pursuance of said unlawful solicitation of said teachers said defendant did hire, employ and contract with said teachers for the said school term or some part thereof."

It is contended by appellant that: "Although the complaint proceeds upon the theory of refusal and neglect on the part of the defendant to perform the official duties pertaining to his office as township trustee, in the matter of the employment of

teachers, it wholly fails to state any facts tending to show or disclose any refusal or neglect on the part of the defendant to perform any official duty pertaining to his office." It was the duty of the trustee to select and employ teachers and to consider applications for employment without demanding that any compensation for so doing should be paid to him, or to any member of his family, or to any other person. A refusal to consider applications for the position as teacher until an unlawful condition was complied with was a refusal to perform an official duty pertaining to his office. If an officer whose duty it is to act refuses to act until a sum of money is paid to him, or to someone else, he has refused to do his duty, and it does not suffice to say that he afterwards did the thing which it was his duty to do after compensation had been paid to him or to some other person at his request.

Judgment affirmed.