BEESLEY *v.* STATE OF INDIANA

[No. 27,589.   Filed November 28, 1941.]

Shuler McCormick, of Vincennes, for appellant.

*Gilbert Shake* and *John A. Ramsey,* both of Vincennes, for appellee.

FANSLER, J.—This is an appeal from a judgment removing the appellant from office as township trustee and for a $500 penalty in favor of the prosecuting attorney, under section 35 of chapter 182 of the Acts of 1897, § 49-836, Burns' 1933, § 13168, Baldwin's 1934, which is as follows: "When an accusation in writing, verified by the oath of any person, is presented to a Circuit Court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at any time not more than ten nor less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty days from the time the accusation was presented, must proceed to hear, in a summary manner, the accusation, and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred ($500) dollars in favor of the prosecuting officer, and such costs as are allowed in civil cases."

Error assigned questions the sufficiency of the accusation and the sufficiency of the evidence to sustain the judgment.

After hearing the evidence, the trial judge read his decision to the effect that there was insufficient evidence to sustain sixteen of the nineteen charges, and that there was evidence sufficient to sustain the other three

charges, after which there was a judgment against the defendant. The written decision was relied upon by the defendant as a basis for a motion to modify the judgment so as to show the particular causes for removal found to have been established and those found not to have been established, and it is brought into the record by a bill of exceptions. The appellant does not set out the accusation against him in its entirety in his brief, and he brings into the brief only so much of the evidence as pertains to the three specifications upon which the trial court found against him. The appellee concedes that, in announcing the decision from the bench, the trial court found against the defendant upon three specifications only, and that the evidence respecting these three is in the brief. It is contended, however, that, under the rules of civil procedure, the written decision is not a part of the record, and that, since all the evidence in the case is not set out in the brief, we cannot consider the evidence, and that, since the accusation in its entirety is not set out, we cannot consider the sufficiency of the accusation.

Proceedings under the statute are to be conducted in a summary manner, and the ordinary rules of civil procedure do not apply to the procedure in the trial court, and no good reason is seen why they should be made to apply here. Informality in the trial court might result in the doing of something, or the failure to do something, which, under the rules of civil procedure, would amount to error which would require a reversal in a civil action, but such acts or omissions should not have that effect where the court is authorized to proceed informally and substantial rights have not been invaded. If the cause had been tried as a civil action, the defendant would have been entitled to a special findings of facts and conclusions of law, which, if the facts were found to his satis-

faction, would have avoided the necessity of bringing the evidence into his brief. In this proceeding the trial court was not required to follow that practice. That the court, reading from the bench, announced that he found in favor of the defendant in all but three of the charges, and that the part of the accusation containing the charges upon which he found against the defendant and the evidence upon that part of the accusation are in the brief, is not disputed. It appears therefore that all of the substantial matter necessary for a determination of the question of whether that part of the accusation upon which the defendant was found guilty is sufficient under the statute, and whether there was sufficient evidence to sustain the judgment, is fully set out in the brief, and we will proceed to a determination of the merits of the controversy.

The statute is chapter 182 of the Acts of 1897, *supra*. The chapter is made up of 36 sections, of which the one here involved is section 35. See § 49-801— § 49-836, Burns' 1933, § 13134—§ 13168, Baldwin's 1934. There are provisions for the impeachment of state officers, judges, and prosecuting attorneys, for misdemeanor in office, by resolution presented by a committee of the House of Representatives before the Senate, where the impeachment is tried. Other sections provide for proceedings in this court for the impeachment of judges or prosecuting attorneys who shall have been convicted of corruption or other high crime. There is provision for impeachment of any district, county, township, or municipal officer, justice of the peace, or prosecuting attorney, by accusation presented by the grand jury, in which there is provision for a jury trial. There is also provision that, upon conviction of a felony, the office of any public officer shall be vacated. Procedure is prescribed in all

cases. Section 35 provides for removal upon two grounds only—"charging and collecting illegal fees for services rendered, or to be rendered, in his office," or where he "has refused or neglected to perform the official duties pertaining to his office." The penalty is forfeiture of his office, and statutes providing for penalties and forfeitures must be strictly construed. This is the only section in the act in which a summary proceeding is provided for, and the conclusion cannot be avoided that the Legislature intended to limit the application of the section to the two causes for removal expressly provided for.

One of the charges of which the appellant was found guilty was for expending $25.15 out of the township funds for flowers, seeds, plants, and shrubbery, which were planted in the lawn on the premises occupied by the township as an office and storage and distribution point for poor relief. Another is that appellant spent $511.03 in altering and repairing the building which he used as an office and storage and distribution center for poor relief. The court concluded in the written decision that: "The house had been rented at a rental charge of $50.00 a month—which was a fair rental for it. The defendant, as trustee, had no right to use the poor funds of the township to pay for the repairs of this house. If it needed repairing, that was the landlord's duty." The house and grounds had been rented from the appellant's mother, and there is undisputed evidence that by the contract of rental the cost of alterations and changes in the building to make it suitable for the township's purpose, and the maintenance of the property, was to be at the expense of the township. The third charge of which the appellant was found guilty involved an expenditure of $368.90 of the township money for gasoline used in appellant's

car. He testified that he used his own car in traveling about performing his duties as overseer of the poor, and that the gasoline was used while he was engaged in these activities.

Assuming, but not deciding, that all of these acts of which the appellant was found guilty were unlawful, and that he had no authority to do the things involved, we are unable to conclude that any of them constitute charging and collecting illegal fees, or refusing or neglecting to perform official duties. If the acts complained of were unlawful or unauthorized, it amounted to performing acts which were unauthorized, and not to a refusal to perform the duties of his office, and we think nothing in the facts can reasonably be construed as receiving illegal fees for services rendered. The act under which the appellant was charged applies to district, county, and township offices, and at the time it was enacted it applied to officers of cities and towns. In 1897 when it was enacted, many, if not all, of these officers were compensated by fees or fees and salaries combined. The fees were charged against and collected from persons who required the services or the action of the officer. In this case the appellant either used the gasoline which belonged to the township or spent the township's money for gasoline which he used in his car. If he was not entitled to do so, his action can only be construed as a misappropriation of township property or funds. If the statute said that he might be impeached for receiving or appropriating governmental funds or property to which he was not entitled under the law, it would be broad enough to cover this action. But it does not.

In the written decision the trial court did not find that the appellant had charged and collected illegal

fees, or refused or neglected to perform official duties, but that he was guilty of "a willful, intentional and wrongful expenditure of the funds intrusted to his care." The manner in which the court arrived at the conclusion that the wrongful expenditure of public funds would justify removal under this statute is disclosed by the written decision. After quoting from *Weatherholt* v. *State* (1936), 209 Ind. 525, 199 N. E. 713, in which it is held that an officer's refusal to do his duty until an unlawful condition is complied with is a sufficient refusal to justify his removal under this statute, and after expressing criticism and disapproval of the reasoning of this court in that case, it is said: "Applying the same kind of reasoning, it would be difficult to imagine any sort of malfeasance or misfeasance that would not be actionable under the statute quoted, for neglect to perform an official duty. However illogical this may seem, it is binding on all circuit and superior courts until the supreme court shall announce a different rule." It may be agreed that it is highly illogical to construe the statute as permitting an action for removal to be maintained upon allegations of any or every sort of malfeasance or misfeasance, but we cannot agree that the Weatherholt case indicates that this court had reached such an illogical conclusion. The opinion in *State* v. *McRoberts et al.* (1934), 207 Ind. 293, 192 N. E. 428, clearly indicates a contrary view. It is obvious that the judgment below resulted from an erroneous construction of the Weatherholt case, and that, except for a misinterpretation of that case, there would have been judgment for the appellant. The trial court concluded that the charges upon which he found the defendant not guilty were insufficient, and, in this view, we agree.

In view of our conclusion, it is unnecessary to consider other questions which may be presented by the record.

Judgment reversed, with instructions to sustain the defendant's motion to dismiss the accusation.

SHAKE, C. J., not participating.

NOTE.—Reported in 37 N. E. (2d) 540.