STATE EX REL. AYER *v.* EWING, JUDGE, ET AL.

[No. 28,878. Filed June 20, 1952.]

*Paul F. Mason*, of Rockport, and *William L. Mitchell*, of Evansville, for relator.

*L. N. Savage*, of Rockport, for respondents.

GILKISON, J.—This is an original action for a writ of prohibition to prohibit the Spencer Circuit Court and the Judge thereof from exercising further jurisdiction in cause No. 4675, entitled the State of Indiana v. Frank Ayer, now pending in said court. We issued the temporary writ prohibiting the trial court from exercising further jurisdiction.

The proceeding in the trial court was instituted by a verified accusation for the removal of Frank Ayer, relator here, as trustee of Hammond Township, of Spencer County, under §35 of the Impeachment Act of 1897 (§49-836, Burns' 1951 Replacement, Ch. 182, Acts 1897). The material parts of the accusation charge that "Frank Ayer, as such Trustee did refuse

and neglect to perform his official duties pertaining to his office in the following:

"(a) In that the said Frank Ayer did neglect and refuse to consider the request and application of Robert Foertsch for employment as a teacher in the schools of Hammond Township, Spencer County, Indiana, during the school year 1951 and 1952, unlawfully requiring as a condition precedent to the exercise of his discretion in considering such employment of the stated applicant that he, the named Robert Foertsch, pay the sum of One Hundred Dollars ($100), to the political campaign fund of the political party of which the said Trustee, Frank Ayer, was then affiliated and on whose ballot the said Frank Ayer was a candidate for reelection as said Township Trustee during the general election held in November, 1950."

It is not necessary to set forth specification (b) of the accusation in order to decide the issues presented here, since it charged the same acts with reference to one Margaret Thomas who applied for employment as a teacher.

A citation was issued for the trustee, who appeared and filed objections to the accusation, alleging, inter alia, that the court lacked jurisdiction of the subject matter as stated in the accusation.

The statute upon which the action against the relator is based, §49-836 Burns' 1951 Replacement is a penal statute, is in derogation of the common law, and it cannot receive an equitable construction. It must be strictly construed in favor of the relator. Nothing can be added to or taken from it by way of intendment, construction, addition or otherwise. There are no presumptions in its favor. We must take it just as it is. The affidavit in the case must bring it within the spirit as well as the letter of the statute.

The reasons for this rule are nicely given by Chief Justice Marshall in *United States* v. *Wiltberger* (1820), 5 Wheat. 76, 93, 5 L. Ed. 37, thus:

> "The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle, that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment."

See *State* v. *Lowry* (1905), and *Lewis* v. *State* (1906), 166 Ind. 372, 77 N. E. 728. *Kelley* v. *State* (1933), 204 Ind. 612, 630, 185 N. E. 453, 460, *supra*. *Chicago, etc. R. Co.* v. *Luddington* (1910), 175 Ind. 35, 42, 91 N. E. 939, 93 N. E. 273. *City of Indianapolis* v. *Indianapolis Water Co.* (1916), 185 Ind. 277, 288, 113 N. E. 369. See also: 50 Am. Jur., *Statutes*, §§402, 403, pp. 425 to 428. 59 C. J., *Statutes*, §617, p. 1039. 1 C. J. S., *Actions*, §9, (b), p. 990, 991.

The statute in question (§49-836 Burns' 1951 Replacement) attempts to authorize the bringing of an impeachment action by a verified accusation presented to a circuit court, alleging that any officer within the jurisdiction of the court "has been guilty":

(1) of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or

(2) has refused or neglected to perform the official duties pertaining to his office.

Unless the verified written charge as filed contains one or both of these averments the trial court is without jurisdiction to act in the case. The only averment in the verified written charge is that the relator, Frank Ayer, as township trustee, "did neglect and refuse to consider the request and

application of Robert Foertsch (and another) for employment as a teacher in the schools of Hammond Township, Spencer County, Indiana, during the school year 1951 and 1952. . . ." The alleged reasons for the trustee's refusal are unimportant. The only question is: Did the trustee have a right to refuse to consider the application either with or without reasons? If he had a right to refuse to consider the application, his act in doing so cannot by any flight of the imagination be construed as refusing or neglecting to perform the official duties pertaining to his office or "of charging and collecting illegal fees for services rendered, or to be rendered. . . ." We take judicial notice that it is the duty of a township trustee to employ the teachers for his school township, §§28-4301 to 28-4335 Burns' 1948 Replacement, inclusive; but there is no law requiring such trustee "to consider the request and application" of any particular teacher (except those with tenure rights, §28-4307 Burns' 1948 Replacement and those with renewal rights under §28-4321 Burns' 1948 Replacement) or for any particular school within the school township. The trustee is prohibited by statute from appointing any teacher, "until the school superintendent shall have made a report upon such teacher's preparation, experience, and license." §28-4309 Burns' 1948 Replacement. This is a condition precedent to the appointment or employment of any teacher. There is no averment in the accusation that the accuser was a licensed teacher of the state or that the superintendent had made the required report concerning him. We can indulge no presumption against the trustee with respect to this, but must indulge a presumption in the negative in his favor. It is not unusual for a township trustee to have more teacher applicants than he has schools, in which event necessarily, some cannot

be employed, but there is no law requiring the trustee to give a good reason why he employed some, and did not employ others. In fact there is no law requiring him to give any reasons.

There is no averment in the accusation that the township trustee neglected or refused to employ qualified teachers for the schools of his township or of any one of such schools and from the absence of this averment we must presume that he did employ such teachers. In his rhetorical paragraph II of the petition here relator avers that he did select and employ competent teachers for all the schools of his township. Since he employed qualified teachers for all the schools in his township he performed his duties in full in that matter. It cannot be said that because he did not consider, appoint or employ Robert Foertsch (and another) as teachers, he neglected or refused to perform his official duties. *State* v. *McRoberts* (1934), 207 Ind. 293, 298, 299, 192 N. E. 428.

To justify their position that the respondents have jurisdiction in the case, they rely upon *State ex rel. Weatherholt* v. *Perry Circuit Court et al.* (1933), 204 Ind. 673, 185 N. E. 510, in which this court, speaking by Fansler, J., among other things, said:

"The statute vests jurisdiction of the subject matter in the circuit court. . . . Sufficient facts are alleged to show an attempt to bring the proceeding within the statute. . . . It follows that jurisdiction to determine the legal sufficiency of the complaint under the statute as against demurrer or similar pleading is in the trial court, and the exercise of that judicial discretion will not be controlled or interfered with by this court except on appeal."

But in the original action now before us "the legal sufficiency of the complaint under the statute as against

demurrer or similar pleading" is not before us. The only question raised by the petition and the response, and by the accusation and the objections thereto, is not whether the "complaint" is sufficient as against demurrer or similar pleading but whether the verified accusation states the facts essential to give the respondents *jurisdiction under the statute involved.*[1] If it does the petition should be denied, but if it does not it should be sustained and the temporary writ should be made permanent. 50 Am. Jur., *Statutes*, §590, p. 585, correctly states the general rule, that should govern us in determining the jurisdictional question presented, as follows:

"The general rule is that limitations placed upon a liability created by a statute become a part of the right conferred, and that to warrant a recovery

---

[1] The respondent court's records which are brought before us by relator's petition, agreeable with rule 2-35 of this court, disclose that after the citation of the lower court was served upon him, on January 28, 1952 defendant appeared specially and filed objections to the jurisdiction of the court. These records further show, that on January 29, 1952, the court overruled the objections of the defendant to the jurisdiction of the court.

The response of the respondents upon this particular point is as follows:

"The respondents responding to rhetorical paragraph nine of the petition filed herein admit that on the 29th day of January, 1952, the Spencer Circuit Court functioning through the respondent Urdix B. Ewing, as regular judge of said court after hearing the argument of counsel overruled the objections of the petitioner (relator) to the jurisdiction of the Spencer Circuit Court of Spencer County, Indiana, and the regular judge thereof and entered an order accordingly, a copy of which order is filed with the petition. . . ."

With these factual records before us, it cannot be said, that the paper filed by relator was, in effect, a demurrer to the complaint or accusation.

under a statute which creates a liability, or gives a remedy, which did not exist before, the case must be brought within the terms of the statute. Such a statute cannot be extended to cases beyond its provisions. . . ."

See also 41 Am. Jur., Pleading, §92, p. 355. *Toughey* v. *City of Decatur* (1911), 175 Ind. 98, 102, 93 N. E. 540. 32 L. R. A. (N. S.) 350. *Woodward* v. *State* (1910), 174 Ind. 743, 744, 93 N. E. 169. *Town of Windfall City* v. *State ex rel. Wood* (1910), 174 Ind. 311, 315, 92 N. E. 57, and cases there cited. *Town of Windfall City* v. *State ex rel. Wood* (1909), 172 Ind. 302, 306, 88 N. E. 505; *Ft. Wayne Iron etc. Co.* v. *Parsell* (1906), 168 Ind. 223, 227, 79 N. E. 439; *Indianapolis etc. Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96 and cases cited, 69 N. E. 669. 102 Am. St. 185.

A plea to the jurisdiction of a court as we have in this case is not a demurrer or similar pleading. But when there is a lack of jurisdiction of the subject matter in the court below, the jurisdictional question may be raised at any time before final decision and in any manner and if not raised by a party it is our duty sua sponte to raise and determine it. *Lemasters* v. *Williams Coal Co.* (1934), 206 Ind. 369, 371, 189 N. E. 414, and cases cited. See also *Rudisill* v. *Edsall* (1873), 43 Ind. 377, *Reno* v. *Robertson* (1873), 41 Ind. 567. *The State* v. *Lackey* (1850), 2 Ind. 285.

A decision by the trial court that it has jurisdiction of a penal proceeding pending before it has no presumption in its favor when the record itself shows it is without such jurisdiction. *Driver* v. *Driver* (1899), 153 Ind. 88, 89, 54 N. E. 389; *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 139, 98 N. E. 37, 100 N. E. 376.

It has been well stated by competent authority that " . . . impeachment proceedings are highly penal in their nature and generally governed by rules of ■ law applicable to criminal causes, so that provisions of statutes and of the constitution on the subject of procedure therein are to be construed strictly. . . ." 67 C. J. S., Officers—Impeachment, §68, p. 295 Cl. (c) Procedure, pp. 296, 297.

The rule that should govern us in passing upon the situation before us, is succinctly stated in *Moulton* v. *Scully* (1914), 111 Me. 428, 459, 89 Atl. 944, which has to do with an impeachment proceeding, thus:

". . . As the charges set forth in the Resolve (Accusation) do not set forth with precision and certainty all the elements necessary to constitute the offense, and do not set forth the alleged offense in the language of the statute, and as the offense created by the statute does not consist of a series of acts, but consists of single prohibitive acts, the charges cannot be held sufficient to sustain an indictment without disregarding the elementary rules of law enforced by the courts for centuries to protect persons accused of crime."

The case of *State of Indiana* v. *McRoberts* (1934), 207 Ind. 293, *supra,* was an action under the impeachment statute (§49-836 Burns' 1951 Replacement) asking the impeachment of members of the County Council of Gibson County because they neglected and refused to make a certain appropriation which the law required them to make. The record indicates that the trial court sustained defendants' motion for judgment for them on the pleadings. In affirming this action, this court, on page 299, said:

"Can it be said that because the council refused and neglected to make an appropriation for this

one specific item that the members thereof are subject to be removed from office under the statute in question? We do not think so. . . . In the instant case, however, there is no allegation that the county council or any member thereof has failed, neglected or refused to perform the duties of their office, other than the refusal or neglect to make this one item of appropriation. As to all other duties as councilmen, the presumption is that they have performed and discharged their duties. The petition or accusation herein specifies but one instance where it is claimed and alleged that they failed to perform the duties of the office. We cannot conceive that it was the intent of those who enacted the statute in question, that such a construction would be given to remove officers under such a state of facts as presented."

It is quite manifest from the holding in the McRoberts case that a failure to perform just one duty required by law is not a sufficient cause for impeachment of an officer under the statute in question. There must be a general failure to perform official duties alleged, before a right of action against the officer under this statute will lie. The court was specific, giving an example when an action will arise, thus:

". . . as for instance, where a sheriff closes his office and remains away and refuses and neglects to discharge the duties thereof, and has no one to perform his official duties. . . ."

In the instant case there is no such averment of general abandonment of his office by relator—and we are not permitted to presume such abandonment. On the contrary the averments indicate that relator is quite actively performing his official duties, and that he sought re-election, and that he employed competent teachers for all the schools in his township.

The respondents rely wholly upon *Weatherholt* v. *State* (1936), 209 Ind. 525, 199 N. E. 713, written by Fansler, J., in which the learned judge said: "A refusal to consider applications for the position as teacher until an unlawful condition was complied with was a refusal to perform an official duty pertaining to his office." We think this statement necessarily, unlawfully enlarges the statute far beyond the limits fixed by the legislature, and inferentially over-rules the opinion of Hughes, J., in the McRoberts case. It blends official malfeasance and misfeasance with the nonfeasance provision of the statute in question. A trial judge followed the Weatherholt case in deciding the case of *Beesley* v. *State* (1941), 219 Ind. 239, 37 N. E. 2d 540, but called attention to its enlargement of the statute, and its inconsistency with other decisions on the subject. On appeal, the Beesley case was decided by the same learned judge who had decided the Weatherholt case, and in deciding it he said in substance that the trial court in the Beesley case was in error in following his decision in the Weatherholt case and that it should have followed the decision in the McRoberts case. The McRoberts case, and the Beesley case correctly state the law. The author of the Weatherholt case rightfully refused to be bound by it in the Beesley case, thereby in substance, distinguishing it to the point of extinction. In so far as it conflicts with this opinion it is hereby over-ruled.

In special statutory proceedings to recount votes and contest elections this court has held frequently and without exception that a failure to aver in the petition the jurisdictional facts required by the statute under which the proceedings is brought, leaves the court without jurisdiction in the action and a writ of prohibition will issue to restrain and confine the court to

its lawful jurisdiction. *State ex rel. Wever* v. *Reeves et al.* (1951), 229 Ind. 164, 169, et seq., 96 N. E. 2d 268, and authorities there cited. *State ex rel. Beaman* v. *Circuit Court* (1951), 229 Ind. 190, 96 N. E. 2d 671; *State ex rel. McCormick* v. *Superior Ct. Knox County* (1951), 229 Ind. 118, 95 N. E. 2d 829; *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 479, 199 N. E. 560; *Gossard* v. *Vawter* (1939), 215 Ind. 581, 583, 21 N. E. 2d 416.

We are safe in saying that in any special statutory proceedings whatever, all jurisdictional averments required by the statute under which the proceeding is based must be contained in the petition or the court in which it is filed, as well as any court to which it may come on change of venue or appeal will be without jurisdiction in the case, except to enter an order dismissing the case.

As noted, the verified accusation does not contain either of the jurisdictional facts required by the statute. The respondents are, therefore, wholly without jurisdiction in the matter. The temporary writ of prohibition issued herein is hereby made permanent.

Jasper, C. J., concurring and Draper, J., concurring in result.

Emmert, J., concurs with opinion.

### CONCURRING OPINION

EMMERT, J.—In considering the Impeachment Act of 1897 (hereafter referred to as the Act), §49-836, Burns' 1951 Replacement, Ch. 182, Acts 1897, it should be first observed that it is anything but perfect legislation, and was apparently adopted from some other jurisdiction without any consideration being given the constitutional limitations contained in our 1851 Con-

stitution. The provisions for removal by grand jury accusation, contained in §§21 to 33, inclusive, of the Act, §§48-821 to 48-833, Burns' 1951 Replacement, provide no statutory causes for removal, although in *State* v. *Sutherlin* (1950), 228 Ind. 587, 92 N. E. 2d 923, this court unanimously held that, under §§7 and 8 of Article 6 of the Constitution, a county officer could be removed for the constitutional causes stated in §7 of the Article. In *State* v. *Dearth* (1929), 201 Ind. 1, 164 N. E. 489, in a unanimous opinion by this court, it was held that the first section of the Act could not apply to judges and prosecuting attorneys, although it stated so, and that the provisions of §19 of the Act, §49-819, Burns' 1951 Replacement, requiring disfranchisement and ineligibility for public office, were unconstitutional. In *State* v. *Patterson* (1914), 181 Ind. 660, 105 N. E. 228, in a unanimous opinion by Chief Justice Douglas Morris, it was held that §35 of the Act does not apply to prosecuting attorneys, and it would be unconstitutional to hold that a prosecuting attorney could be removed for "neglect in the performance of official duties," since to so hold would contravene §12 of Article 7 of the Constitution.[1] See also *State* v. *Redman* (1915), 183 Ind. 332, 109 N. E. 184.

Respondents assume the acts charged would constitute a criminal offense. It is not necessary to determine whether his acts made him subject to criminal prosecution, for there was no attempt made by the state to charge crime as the cause for removal. If the

---

[1] "Any Judge or Prosecuting Attorney, who shall have been convicted of corruption or other high crime, may, on information in the name of the State, be removed from office by the Supreme Court, or in such other manner as may be prescribed by law." Section 12, Article 7, Constitution of Indiana.

accusation had so stated, under the clear provisions of the Act and §§7 and 8 of Article 6 of the Constitution, the accusation could only be presented by the grand jury, which would have entitled the relator to a trial by jury under §30, §49-830, Burns' 1951 Replacement, instead of the summary removal without benefit of trial by jury provided by §35 of the Act, §49-836, Burns' 1951 Replacement.

Section 35 of the Act is almost identical with the summary removal provisions of the removal act of Nevada, concerning which Chief Justice McCarran, now Senator McCarran, in *Ex Parte Jones and Gregory* (1918), 41 Nev. 523, 532, 533, 173 Pac. 885, 888, wrote:

"The statute which gives rise to this proceeding is one for the removal of certain officers. It is part of our law, made so by legislative will. The whole procedure is denominated as being summary; hence it precludes the right to jury trial. Into the hands of the district judge this statute lays one of the most sacred duties, that of removing an individual from the enjoyment of public position of trust and honor. The law, in my judgment, contains nothing which recommends itself to the spirit of democracy. It partakes of none of the progressive inspiration which gave rise to the historic scene at Runnymede. It is an extreme and extraordinary measure, intended only for extreme and extraordinary occasions. It is fraught with seriousness and a demand for extreme caution both from the standpoint of him who prefers the charge and him who listens and pronounces judgment."

This statement was subsequently approved by that court in a unanimous opinion by Justice Badt in *Jones v. Eighth Judicial District Court* (1950), 67 Nev. 404, 219 P. 2d 1055, 1062.

Sections 7 and 8 of Article 6 of our Constitution provide as follows:

Sec. 7. "All State officers shall, *for crime, incapacity, or negligence,* be liable to be removed from office, either by impeachment by the House of Representatives, to be tried by the Senate, or by a joint resolution of the General Assembly; two-thirds of the members elected to each branch voting, in either case, therefor." (Italics added.)

Sec. 8. "All State, county, township and town officers, may be impeached, or removed from office, in such manner as may be prescribed by law."

In *McComas* v. *Krug* (1882), 81 Ind. 327, 333, 42 Am. Rep. 135, this court, in an opinion by Howk, J., reasoned that these two sections should be construed in *pari materia,* and said:

"It would seem that these two sections of the constitution were intended, and ought, to be construed together. They both treat of the same general subject, namely, impeachment or removal from office. Construed together, sections 7 and 8 would provide, as to State officers, that for crime, incapacity, or negligence, they should be removed from office, either by impeachment by the house and trial by the senate, or by a joint resolution of the General Assembly, or in such manner as might be prescribed by law; and, as to county, township and town officers, the same sections of the constitution, construed together, would provide that for crime, incapacity, or negligence, they should be impeached, or removed from office in such manner as might be prescribed by law."

In *State* v. *Patterson* (1914), 181 Ind. 660, 663, 105 N. E. 228, *supra,* this court again unanimously approved this reasoning. In *State* v. *Sutherlin* (1950), 228 Ind. 587, 92 N. E. 2d 923, *supra,* this court again unanimously approved this construction of §§7 and 8.

In conformity with these decisions it must be held that the only causes for removal of a township trustee are the constitutional causes of "crime, incapacity, or

negligence." The uniform rule of construction for such constitutional provisions has been the named causes exclude other causes not named. "That which is expressed makes that which is silent to cease."[2] *State ex rel.* v. *Goldthait* (1909), 172 Ind. 210, 87 N. E. 133; *State* v. *Patterson* (1914), 181 Ind. 660, 105 N. E. 228, supra; *State* v. *Dearth* (1929), 201 Ind. 1, 12, 164 N. E. 489; *Robinson* ·v. *Moser* (1931), 203 Ind. 66, 179 N. E. 270; 43 Am. Jur. 39, §194; 43 Am. Jur. 30, 31, §182; 2 Anderson, Sheriffs, Coroners, Constables, p. 694, §736.

"The constitution of the state has designated the causes for which sheriffs may be removed from office, and the mode in which it is to be done; consequently the legislature had no power to add other causes of removal, and prescribe other or different modes." *Brown* v. *Grover, Administrator, etc.* (1869), 69 Ky. 1, 3.

The relator does not assert that §35, §49-836, Burns' 1951 Replacement, is unconstitutional in the second cause stated for removal, but he urges a construction which is clearly in conformity with the constitution. Properly construed, the refusal or neglect to perform official duties pertaining to the office is not unconstitutional. It is our mandatory duty to be bound by the Constitution in the construction of any statute. This is a rule of statutory construction which we should notice the same as any other rule of statutory construc-

---

[2] "In construing constitutional provisions, a rule of general acceptance is 'that which is expressed makes that which is silent to cease.' *Gougar* v. *Timberlake* (1897), 148 Ind. 38, 48, 46 N. E. 339, 37 L. R. A. 644, 62 Am. St. 487." *State* v. *Patterson* (1914), 181 Ind. 660, 664, 665, 105 N. E. 228. Quoted with approval in *State* v. *Dearth* (1929), 201 Ind. 1, 12, 164 N. E. 489, and again quoted with approval in *Robinson* v. *Moser* (1931), 203 Ind. 66, 71, 179 N. E. 270.

tion. It is our duty to construe the statute in conformity with the Constitution as has been recognized many times by the authorities, as well as precedents of this court.[3] *Smith* v. *Indianapolis St. R. Co.* (1902), 158 Ind. 425, 427, 63 N. E. 849; *State* v. *Barrett* (1909), 172 Ind. 169, 174, 87 N. E. 7; *State* v. *Louisville, etc. R. Co.* (1911), 177 Ind. 553, 96 N. E. 340; *Brindley* v. *Meara* (1935), 209 Ind. 144, 155, 198 N. E. 301, 101 A. L. R. 682; 11 Am. Jur. p. 725, §96; 16 C. J. S. p. 234, §98; 12 C. J. p. 788, §220.

The relator has no vested interest in his office, and his rights therein must yield to the constitutional regulations of the state in the exercise of its police power, but the state is also bound by our constitution as it is plainly written. I know of no rule which requires us to draw down an iron curtain over the constitution which would prevent us seeing what we know to be the supreme law of this jurisdiction. Section 1-101, Burns' 1946 Replacement. If we take judicial notice of statutes, *a fortiori* we should take judicial notice of the constitution.

Section 35 of the Impeachment Act is limited to the charging or collecting of illegal fees, or refusing or neglecting to perform official duties. It states:

---

[3] "Another rule of construction is that where a statute is susceptible of two or more possible constructions, one of which will render it unconstitutional, that one will be adopted, if reasonable, which will rescue the act from unconstitutionality." *State* v. *Dearth* (1929), 201 Ind. 1, 9, 164 N. E. 489.

"In construing statutes, courts will seek a construction that avoids unconstitutionality." *State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 29, 17 N. E. 2d 805.

Even when no issue of constitutional power has been presented, this court has not hesitated to decide the question. *Dept. of Financial Inst.* v. *Johnson Chev. Co.* (1950), 228 Ind. 397, 92 N. E. 2d 714. Here it was conceded the regulation did not violate the constitution.

"When an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered or to be rendered, in his office, *or has refused or neglected to perform the official duties pertaining to his office,* the court must cite the party charged to appear before the court . . . and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred dollars ($500) in favor of the prosecuting officer, and such costs as are allowed in civil cases." Section 49-836, Burns' 1951 Replacement. (Italics added.)

"The penalty is forfeiture of his office, and statutes providing for penalties and forfeitures must be strictly construed." *Beesley* v. *State* (1941), 219 Ind. 239, 244, 37 N. E. 2d 540.

If there is to be any consistency in the cases deciding what are causes for removal of officials for acts or omissions, it is necessary to keep clear the well recognized definitions of malfeasance, misfeasance and nonfeasance. " 'Nonfeasance' means the omission of an act which a person ought to do; 'misfeasance' is the improper doing of an act which a person might lawfully do; and 'malfeasance' is the doing of an act which a person ought not to do at all." Black's Law Dictionary (4th Ed.), p. 1151. Malfeasance implies that the act was *ultra vires* the official powers or authorities of the officer, "while nonfeasance is an omission to perform a required duty at all or total neglect." *State* v. *McRoberts* (1934), 207 Ind. 293, 298, 192 N. E. 428. The cause for removal that the officer "has refused or neglected to perform the official duties pertaining to his office," must be construed under the constitutional limitations of §§7 and 8 of Article 6 of the Constitution, for

under the authorities already considered, the legislature is without power to add to the causes for removal. The only cause for removal by neglect to perform official duties under §35 of the Act must be a "negligent" neglect. It is negligent nonaction. *State* v. *Beazley* (1926), 77 Mont. 430, 250 Pac. 1114. See also *State* v. *McRoberts* (1934), 207 Ind. 293, 192 N. E. 428, *supra*. Under no possible construction is the relator here as trustee charged with a negligent act. He is charged with an act of malfeasance and that alone.

The constitutional limitations on causes for removal were wholly unnoticed in *Weatherholt* v. *State* (1936), 209 Ind. 525, 199 N. E. 713; *State ex rel. Weatherholt* v. *Perry Circuit Court* (1933), 204 Ind. 673, 675, 185 N. E. 510, as well as in *State* v. *McRoberts* (1934), 207 Ind. 293, 192 N. E. 428, *supra*, and *Beesley* v. *State* (1941), 219 Ind. 239, 37 N. E. 2d 540. Even aside from the constitutional requirement, it is impossible to see how the reasoning of the Weatherholt case, *supra*, can be squared with the reasoning of the Beesley case, *supra*. As was so aptly stated by my Brother Chief Justice Gilkison when he was the Special Judge in the Beesley case, *supra*, " 'Applying the same kind of reasoning [found in the Weatherholt case], it would be difficult to imagine any sort of malfeasance or misfeasance that would not be actionable under the statute quoted, for neglect to perform an official duty. . . .' " P. 246. Clearly the reasoning of the Beesley case, *supra*, which cited with approval the McRoberts case, *supra*, overruled the second Weatherholt case, *supra*, and the many subsequent cases on special statutory causes of action overruled the reasoning of the first Weatherholt case, *supra*. Reluctantly I am driven to the conclusion that the net effect of this confusion was

to make fish out of one trustee, and fowl out of the other. Both Weatherholt cases, *supra*, have been overruled.

"The proceeding is a special statutory one, summary in character, unknown to the common law, and not a civil action." *State* v. *Perry Circuit Court* (1933), 204 Ind. 673, 675, 185 N. E. 510. When a party seeks to invoke the jurisdiction of a. court to act in a special statutory proceeding, which is unknown to the common law, he must, "without the aid of any intendment, bring himself strictly within its spirit as well as its letter. *Martin* v. *Schulte* (1933), 204 Ind. 431, 182 N. E. 703." *Gossard* v. *Vawter* (1939), 215 Ind. 581, 583, 21 N. E. 2d 416. See also *State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 17 N. E. 2d 805; *State* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268; and *State ex rel. Gary Taxpayers' Assn., Inc.* v. *Lake Superior Court* (1947), 225 Ind. 478, 76 N. E. 2d 254. 1 Watson's Work's Practice & Forms p. 294, §414; 1 Lowe's Work's Indiana Practice §13.13, p. 449; 2 Gavit, Indiana Pleading and Practice p. 1714, §236; *Peoples* v. *Valparaiso* (1912), 178 Ind. 673, 100 N. E. 70; *Sherfey* v. *Brazil* (1938), 213 Ind. 493, 504, 13 N. E. 2d 568; *Thornburg* v. *American Strawboard Co.* (1895), 141 Ind. 443, 445, 40 N. E. 1062, 50 Am. St. Rep. 334; Brown, Jurisdiction (2d Ed.) p. 15, §2b.

The act *itself* clearly indicates jurisdiction is dependent upon compliance with its provisions, for it provides, "*When* an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging, etc. . . ." (Italics added.) Not until a proper charge is filed may the court cite the party charged and obtain jurisdiction over his person.

Courts do not assume jurisdiction *sua sponte* to settle controversies between parties. Brown, Jurisdiction

(2d Ed.) p. 8, §2a. Under §35 of the Act the jurisdiction of the court must be invoked by the verified accusation.[4] As stated in Brown, Jurisdiction (2d Ed.) §32, pp. 19, 20:

> "If the jurisdiction of the court is derived from statutory authority, in a proceeding not in accordance with the ordinary proceedings of the common law or the established usages of equity, then, in such cases the rule is the more strict, and the facts conferring jurisdiction must appear of record. And where the statute prescribes the grounds for the exercise of jurisdiction in the particular action, such grounds must be set forth in the petition, warranting such exercise, and the necessary jurisdictional facts must appear, or the judgment will be void, even in a collateral attack."

Many times this court has held in proceedings to contest elections, which were purely statutory and unknown at the common law, that if the proponent fails to allege himself within the statute by stating some statutory ground, the trial court is without jurisdiction. *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 199 N. E. 560; *Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. 2d 416, *supra;* *State ex rel. Wever* v. *Reeves* (1950), 229 Ind. 164, 170, 96 N. E. 2d 268, *supra.*[5] Even in equity cases not

---

[4] Jurisdiction in equity is invoked by the pleadings, *State ex rel. Surprise* v. *Porter Circuit Court* (1948), 226 Ind. 375, 381, 80 N. E. 2d 107, and if the complaint has an omission of jurisdictional fact, the court is without jurisdiction and a writ of prohibition is proper.

[5] The statutory requirements have been held jurisdictional for many years in Indiana. *Albee* v. *May* (1846), 8 Blackf. 310; *Farlow* v. *Hougham* (1882), 87 Ind. 540; *Borders* v. *Williams* (1900), 155 Ind. 36, 38, 57 N. E. 527. This rule was well expressed by this court in *State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 23, 24, 17 N. E. 2d 805, as follows: "The common law made no provision for recount and contest of the ballots cast at an election. It is a familiar rule

involving statutory causes of action this court has held the trial court without jurisdiction if the complaint fails to allege facts to give equity jurisdiction of the subject matter. *State ex rel. Busick* v. *Ewing* (1951), 230 Ind. 188, 102 N. E. 2d 370; *State ex rel. Surprise* v. *Porter Circuit Court* (1948), 226 Ind. 375, 80 N. E. 2d 107; *State ex rel.* v. *Superior Court of Marion County* (1924), 195 Ind. 174, 144 N. E. 747; *State ex rel. Marion County Democratic Committee* v. *Marion Superior Court* (1938), 214 Ind. 322, 15 N. E. 2d 379; *State ex rel. Indiana Alcoholic Beverage Comm.* v. *Circuit Court of Marion County* (1943), 221 Ind. 572, 49 N. E. 2d 538; *State ex rel. Zeller* v. *Montgomery Circuit Court* (1945), 223 Ind. 476, 62 N. E. 2d 149; *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 186 N. E. 310.

A failure to state a cause of action under certain circumstances may fail to confer jurisdiction. Within the past seven months this court unanimously held such to be the case in *State ex rel. Busick* v. *Ewing* (1951), 230 Ind. 188, 102 N. E. 2d 370, 372, *supra.* Here we held the trial court without jurisdiction to

that statutes granting jurisdiction which was not given at common law are to be strictly construed, and one seeking to take advantage of such statute must bring himself clearly within its spirit as well as within its letter. *Martin* v. *Schulte* (1933), 204 Ind. 431, 182 N. E. 703, and cases there cited.

"Sutherland's Statutory Construction, Vol. 2, pp. 1048, 1049, secs. 565, 566, announces the rule as follows:

" 'A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction; nor be made available or valid except on the statutory conditions, that is, by strictly following the directions of the act.

" 'A party seeking the benefit of such a statute must bring himself strictly not only within the spirit but its letter; he can take nothing by intendment.' "

appoint a receiver for the property of an individual where plaintiff did not allege any lien or special interest in the property, and said, "The trial court did not have jurisdiction in the case at bar to appoint a receiver for the property of an individual."

Nor are we wanting for authority from other jurisdictions in impeachment cases where the proponent has failed to state a cause of action under the statute. When no cause of action is stated, the trial court has no jurisdiction. *Siebe* v. *Superior Court* (1895), 114 Cal. 551, 46 Pac. 456; *State* v. *Beazley* (1926), 77 Mont. 430, 250 Pac. 1114, *supra; Jones* v. *Eighth Judicial District Court* (1950), 67 Nev. 404, 219 P. 2d 1055, *supra.*

Even assuming the reasoning in *State* v. *Perry Circuit Court* (1933), 204 Ind. 673, 185 N. E. 510, that the trial court had jurisdiction to first determine its own jurisdiction, is correct, in this original action the trial court did overrule the relator's challenge to the jurisdiction of the court. Here the trial court has already decided it had jurisdiction when it had none. Nor has this court in recent years adhered to any rule that the question of jurisdiction should first be presented to the trial court before a writ of prohibition may issue. *State ex rel. Busick* v. *Ewing* (1951), 230 Ind. 188, 102 N. E. 2d 370, *supra.* It is difficult to see how a trial court can have jurisdiction to pass on its own jurisdiction when it has no jurisdiction of the subject matter, when the issue is raised by petition for a writ of prohibition. Nor could the facts attempted to be stated in the verified accusation against the relator be amended to state a cause of action under the Constitution. The facts stated do not constitute negligence, nor can any artful use of words make out a case of negligent refusal or neglect to perform the

official duties pertaining to relator's office. If, as stated by respondents, the acts constitute a crime, there is no reason why the relator could not be impeached by a grand jury accusation, which would entitle relator to a trial by jury.

When a trial court assumes jurisdiction when it is lacking, it is highly desirable from the standpoint of expeditious and economical administration of justice to have the matter decided by prohibition rather than permit the trial court to proceed with the expenses of a trial, and decide the same question later by an appeal. My experience has been that the briefs in original actions are just as helpful to the court as the briefs on appeal. I concur in the holding that the temporary writ of prohibition should be made permanent.

NOTE.—Reported in 106 N. E. 2d 441.