STATE EX REL. SCHRENKER *v.* SUPERIOR COURT
OF MADISON COUNTY, SCHRENKER, JUDGE.

[No. 30,126. Filed October 20, 1961.]

*Jerrald O. Finney,* of Anderson, and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellant.

*Henry P. Schrenker, pro se.*

BOBBITT , J.—Relator herein seeks a writ of mandate and prohibition ordering respondent, Superior Court of Madison County and the judge thereof, to expunge from the record a certain order entered on July 7, 1961, in Guardianship No. 3082 appointing the Anderson Banking Company of Anderson, Indiana, as temporary guardian of Phyllis O'Neill Schrenker, and prohibiting said respondent from taking any further steps to enforce such order. We issued a temporary writ.

Relator asserts that respondent court is without jurisdiction to hear and determine the matters alleged in the petition for the appointment of a temporary guardian in Guardianship No. 3082 because "exclusive jurisdiction to determine the competency of Relator" had vested in the Superior Court of Madison County, No. 2, by reason of the prior filing of Cause No. 12-2S-I in said Superior Court of Madison County, No. 2; and that respondent court lacked jurisdiction for the further reason that such court was without jurisdiction to appoint a temporary guardian because there had been no prior adjudication of incompetency by judicial process before the temporary guardian was appointed.

PROCEEDINGS IN MADISON SUPERIOR COURT, No. 2

The record before us discloses that on July 6, 1961, an application for *Investigation of Mental Health* was filed in Madison Superior Court, No. 2, as Cause No. 12-2S-I, representing that one Phyllis Schrenker, a resident of said county, was "mentally ill and suitable for treatment in the State Psychiatric Hospital", and requesting that necessary steps be taken to examine into her condition.

Also, on July 6, 1961, and accompanying said petition, an affidavit was filed by one May E. O'Neill, mother of Phyllis Schrenker, stating that affiant believed the said Phyllis Schrenker "to be mentally ill" and if she were permitted to remain at large she would be dangerous to the community, and requesting an order of court providing for the safekeeping of said Phyllis Schrenker "pending the trial."

Because of the importance of the order of the Madison Superior Court, No. 2, in this matter, we deem it necessary to set such order out in full, and it is as follows:

"ORDER & WARRANT

"Comes now MAY E. O'NEILL and files an affidavit herein showing to the Court that Phyllis Schrenker, 421 West 9th Street, Anderson, Indiana, is mentally ill and that if she is permitted to remain at large she will be dangerous to the community, and requesting an order to provide the safekeeping of said person, which affidavit is in the following words and figures, to-wit:

(H.I.)

"Said May E. O'Neill has also filed herein an Application for regular commitment to a psychiatric hospital, such application being accompanied by a statement of the attending physician, which application and statement are in the following words and figures, to-wit:

(H.I.)

"And the Court, having read said affidavit, application and statement of the attending physician and being duly advised in the premises, finds:

"1. That said Phyllis Schrenker should be provided a place of safekeeping until such time as it can be determined whether or not she is mentally ill and dangerous to the community; and

"2. That two (2) qualified physicians should be appointed to make an examination of this person alleged to be mentally ill and dangerous to the community.

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED and DECREED that a warrant issue to the Sheriff of Madison County, Indiana, commanding her to apprehend said Phyllis Schrenker and place her in the Madison County jail.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED and DECREED that Dr. Paul Long and Dr. Charles L. Armington, be and they hereby are appointed as examining physicians to investigate into the mental health of the said Phyllis Schrenker, and to report to this Court as to whether or not she is mentally ill.

"ALL OF WHICH IS CONSIDERED, ORDERED, ADJUDGED AND DECREED in Open Court this 7 day of July, 1961.

/s/ Nelson Bohannon
_____
Judge, Superior Court
of Madison County, #2"

Subsequently the regular judge disqualified himself and Hon. George B. Davis was selected as special judge.

On July 12, 1961, Phyllis Schrenker, by her attorney, filed her "Verified Petition to Set Aside Warrant and Abate Application for Sanity Inquest."

On July 20, 1961, the Anderson Banking Company, as Guardian of Phyllis Schrenker, filed its "Motion to Strike 'Verified Petition to Set Aside Warrant and Abate Application for Sanity Inquest.'"

### PROCEEDINGS IN MADISON SUPERIOR COURT

On July 7, 1961, a "Verified Petition for Appointment of Temporary Guardian" was filed by May E. O'Neill, mother of Phyllis Schrenker, for the appointment of the Anderson Banking Company as Guardian of said Phyllis Schrenker, and asserting that "[a]n emergency exists for someone to look after her [Phyllis Schrenker] affairs and property," as more fully set out in an affidavit. Such affidavit alleged that the said Phyllis Schrenker would, in all probability, sign contracts which would deprive her of her property; that she was in such a frame of mind by virtue of "being run down and mentally ill" that she would dispose of her property; and that her condition was such that advantage might be taken of her "by divers persons"; and "that an emergency exists and a temporary guardian should be appointed" for her, without notice.

On July 7, 1961, the Superior Court of Madison County, in Guardianship No. 3082, issued an order appointing a temporary guardian, as follows:

### "ORDER APPOINTING TEMPORARY GUARDIAN.

"The court's attention being directed to the fact that Phyllis Schrenker is a resident of Madison County, Indiana; and

"That on or about July 6, 1961 a petition was filed, with the petitioner being May O'Neill, mother of the said Phyllis Schrenker, requesting that the said daughter be adjudicated mentally incompetent primarily because of acute alcohol-

ism, which petition was also signed by three doctors possessing unlimited licenses to practice general medicine in the State of Indiana; and

"It being found from the allegations of the petition and the accompanying affidavit that Phyllis Schrenker is the owner of land located in Madison County, Indiana, and that she has valuable jewelry and other personal property, and that she is in a condition of mind that she can easily be taken advantage of by divers persons; and

"It further being found from the records of the courts of Madison County, Indiana, that there are various actions in which the said Phyllis Schrenker is involved either as a party or as a respondent to certain suits, as well as a divorce action in the Henry Circuit Court, the court now finds that an emergency exists in that, among other things, the personal property of the plaintiff is in imminent danger of being taken, or that the said Phyllis Schrenker will involve herself in contracts to her great disadvantage by persons who are competent, and for the further reason it has been suggested that the said Phyllis Schrenker may have already signed instruments, including powers of attorney, disposing of her property, and;

"The court further finds that the welfare of Phyllis Schrenker requires the immediate appointment of a guardian of both her person and of her estate, and that said guardian should be appointed, without notice, for a period of sixty days from the date of this order.

"IT IS THEREFORE NOW ORDERED, That the ANDERSON BANKING COMPANY, Anderson, Indiana, be and it is hereby appointed temporary guardian of the person and estate of Phyllis Schrenker for a period of sixty days, and that as said temporary guardian of the person and estate of Phyllis Schrenker, incompetent, said guardian is hereby ordered and directed to take immediate steps to take the immediate possession of the property of the said Phyllis Schrenker, care for and preserve the same and in con-

nection therewith to incur such expenses as may be required to properly care for and preserve said property.

"IT IS FURTHER ORDERED, that the said Anderson Banking Company, temporary guardian herein, shall appear in any lawsuit and/or cause of action in which Phyllis Schrenker is a party, and to properly protect her interests; said guardian is further ordered and directed to seek out and take possession, or attempt to regain possession of any properties that she may have disposed of, and ascertain what moneys have been paid out during the last past year and for what purposes;

"IT IS FURTHER ORDERED AND DIRECTED that said guardian shall be responsible solely for the person of said ward except as any such orders for the care of such person may be superceded by the orders of a court of competent jurisdiction; and

"The said Anderson Banking Company, as temporary guardian of Phyllis Schrenker be and it is hereby ordered and directed to report to this court within fifteen (15) days as to what steps have been taken by it to so preserve the property of said ward, and at the end of sixty (60) days from the date of this order, or upon the appointment of a permanent guardian, for the said Phyllis Schrenker, whichever event shall first occur, the said Anderson Banking Company as temporary guardian is hereby directed and ordered to file its final account herein, and letters are ordered issued to the Anderson Banking Company on the filing of its acceptance.

"Dated this 7 day of July, 1961.

"/s/ Henry P. Schrenker  
Henry P. Schrenker, Judge  
Superior Court of Madison County"

Subsequently the Anderson Banking Company qualified and assumed the guardianship of Phyllis Schrenker.

On July 17, 1961, Phyllis Schrenker, by her attorney, filed her "Motion and Application to Vacate Judgment, Expunge Record and Abate Petition" for appointment of guardian, asserting (1) that the Superior Court of Madison County was without jurisdiction to appoint a temporary guardian for the reason that the said Phyllis Schrenker had not yet been declared incompetent by judicial process; (2) that a petition was at the time pending asking that said Phyllis Schrenker be declared incompetent; (3) that the Madison Superior Court lacked jurisdiction for the further reason that exclusive jurisdiction had already vested in Madison Superior Court, No. 2, a court of concurrent jurisdiction; and (4) asking that the order of said court heretofore entered on July 7, 1961, appointing a temporary guardian for the said Phyllis Schrenker be "expunged and set aside."

We must first decide whether or not respondent, Superior Court of Madison County, hereinafter referred to as "Superior Court", had jurisdiction to entertain the petition for appointment of a guardian under the factual circumstances as shown by the record before us.

Acts 1957, ch. 359, §401, p. 1046, being §22-4709, Burns' 1961 Cum. Supp., provides generally that "[t]he mental illness of any person who is alleged to be mentally ill shall be adjudged by the judges of the circuit or superior courts of the state of Indiana."

Acts 1957, ch. 359, §605, p. 1046, being §22-4719, Burns' 1961 Cum. Supp., provides, *inter alia*, "[w]henever it appears that the person who is adjudged to be mentally ill has an estate, the court shall thereupon appoint a guardian for such mentally ill per-

son, under like restrictions, in the same manner and with the same powers and duties as in the case of guardians appointed for minors.

Acts 1955, ch. 13, §3, p. 17, being §4-1343, Burns' 1961 Cum. Supp., defines the jurisdiction of the Superior Court of Madison County, No. 2, hereinafter referred to as "Superior Court, No. 2", and specifically provides that it "shall not have jurisdiction in matters of probate or the settlement of decedents' estates", but does not exclude proceedings to determine mental illness.

Since Superior Court, No. 2, is not specifically prohibited from so acting by §4-1343, *supra,* it had jurisdiction under the provisions of §22-4709, *supra,* to entertain the petition filed on July 6, 1961, alleging that Phyllis Schrenker was "mentally ill."

It must be kept in mind that such petition was not filed under Acts 1953, ch. 112, §1911, p. 295, being §8-111, Burns' 1953 Replacement, for the appointment of a guardian for an incompetent. It is also to be noted that the petition filed in Superior Court, No. 2, on July 6, 1961, did not request the appointment of a guardian as provided in §22-4719, *supra,* but did request that Phyllis Schrenker be confined in a place of safekeeping until trial could be had to determine whether or not she was mentally ill.

It is clear, beyond dispute, that Superior Court, No. 2, had jurisdiction to adjudicate all matters which might be litigated under the petition filed therein on July 6, 1961, seeking to have Phyllis Schrenker declared to be mentally ill.

However, the proceeding filed in Superior Court on July 7, 1961, is for the appointment of a guardian

for an incompetent under §8-111, *supra,* and is a matter of probate jurisdiction.

Acts 1959, ch. 131, §1, p. 333, being §4-1310, Burns' 1961 Cum. Supp., defining the jurisdiction of the Superior Court specifically provides that "said court . . . shall have original, exclusive jurisdiction in . . . the appointment of guardians, . . . and of any and all probate matters which have heretofore been conferred or may hereafter be conferred upon circuit courts or probate courts in this state: . . . ."

Acts 1953, ch. 112, §1904, p. 295, being §8-104, Burns' 1953 Replacement, provides that "[t]he jurisdiction of the court having probate jurisdiction over all matters of guardianship, other than guardianships ad litem, shall be exclusive, subject to the right of appeal."

It must follow from the provisions of the above statutes that the Superior Court has exclusive jurisdiction in the appointment of guardians for incompetents under Acts 1953, ch. 112, §1901, p. 295, being §8-101, *et seq.,* Burns' 1953 Replacement, and had jurisdiction in Guardianship No. 3082 therein.

Relator asserts, however, that respondent court was without jurisdiction to appoint a temporary guardian for the reason that Phyllis Schrenker had not been declared an incompetent prior to the appointment of the guardian.

The provisions for the appointment of a temporary guardian are statutory.

The appointment of a guardian is a serious matter. It takes from the ward all his civil rights and liberties and reduces him to a state of legal nonentity.

A guardian, whether temporary or otherwise, can be appointed only by strict compliance with the statute. The same procedure, except the giving of notice, must be followed in the appointment of a temporary guardian as is required for the appointment of a permanent guardian under §8-111, *supra*.

Section 8-111, *supra*, provides for the filing of a petition for the appointment of a guardian of an incompetent and sets forth the facts that must be alleged in such petition.

Acts 1955, ch. 258, §10, p. 667, being §8-114, Burns' 1961 Cum. Supp., provides for notice to all interested persons of the filing of the petition and the hearing thereon.

Acts 1953, ch. 112, §1924, p. 295, being §8-124, Burns' 1953 Replacement, provides that when a temporary guardian is requested in the petition the court, if the facts warrant, may appoint a temporary guardian, without notice.

Acts 1953, ch. 112, §1919, p. 295, being §8-119, Burns' 1953 Replacement, provides that there shall be a hearing upon the petition to determine the party's competency or incompetency. The hearing shall be conducted the same as a civil trial. A jury trial may be had upon request and the prosecuting attorney must appear and represent the alleged incompetent. No provision is made for an ex-parte proceeding.

Acts 1953, ch. 112, §1920, p. 295, being §8-120, Burns' 1953 Replacement, provides, *inter alia*, that,

> "No guardian of the person or of the estate or of both, of any person other than a minor, can be appointed until such person has been adjudicated to be incompetent upon sufficient competent evidence in a proceeding instituted for that purpose as provided by law.

"Commitment to a hospital for the insane pursuant to statute shall be equivalent to a prior adjudication of incompetency, . . . ."

The proceeding to which reference is made hereinabove is a trial in a court of competent jurisdiction and a finding and judgment that the person is incompetent as defined in §8-101, *supra*.

A guardian, whether temporary or permanent, cannot be appointed until the person is first found to be incompetent. This may be established by direct evidence introduced in the guardianship hearing or by the showing of a finding and judgment that such person has previously been committed to a hospital for the insane pursuant to statute. Section 8-120, *supra*.

Guardians can only be appointed for incompetents. It clearly appears from the record here that no finding was made by respondent, Superior Court of Madison County, that Phyllis Schrenker was an incompetent prior to the appointment of the temporary guardian. Nor does it appear from the record in Guardianship No. 3082 that said Phyllis Schrenker had ever been committed to a hospital for the insane.

Without a prior adjudication that she was incompetent or a proper showing that she had been committed to a hospital for the insane, respondent court, or the judge thereof, was without jurisdiction to appoint a temporary guardian for Phyllis Schrenker. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 9-10, 106 N. E. 2d 441.

The temporary writ heretofore issued is made permanent.

Landis, C. J., Achor, Arterburn, Jackson, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 594.